■ In the Matter of Aria E., a Child Alleged to be Neglected. Daniel E., Appellant; Administration for Children's Services, Respondent. [899 NYS2d 618]—

Amended order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about July 15, 2009, which, to the extent appealed from, upon a fact-finding of neglect against respondent father, ordered respondent to comply with the terms of an order of protection, to complete a batterer's program, to attend parenting skills classes, to be evaluated for a sex offender's program, and to submit to a full mental health evaluation, unanimously affirmed, without costs.

Respondent's challenge to the admission into evidence of the out-of-court statements made by the subject child's mother is unpreserved for appellate review (see Harris v Armstrong, 64 NY2d 700 [1984]). Were we to review the issue, we would find that the court properly relied on the mother's handwritten statement to the police, which statement respondent offered into evidence and the mother authenticated, concerning ongoing criminal activity by respondent in the home he shared with the child. In any event, the mother's hearing testimony that respondent was actively engaged in criminal activity in the home was sufficient alone to establish by a preponderance of the evidence that the child's physical, mental or emotional condition was in imminent danger of becoming impaired as a consequence of respondent's failure "to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Concur—Saxe, J.P., Friedman, Nardelli, Freedman and Abdus-Salaam, JJ.