In the Matter of ARIA E., a Child Alleged to be Neglected. LISETTE B., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al. Respondent. [918 NYS2d 403]—

The mother's argument that the finding of neglect was against the weight of the evidence is without merit. In a prior appeal by the child's father, this Court found that the mother's hearing testimony that the father "was actively engaged in criminal activity in the home was sufficient alone to establish by a preponderance of the evidence that the child's physical, mental or emotional condition was in imminent danger of becoming impaired as a consequence of [the father's] failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Matter of Aria E. [Daniel E.]*, 73 AD3d 489, 489 [2010] [internal quotation marks and citation omitted]). This evidence of the mother's knowledge of the father's ongoing criminal activity in the home and the evidence that she failed to act to protect the child, including her testimony that on one occasion she remained in the apartment with the child while such activity was occurring, established that she failed to provide the child with adequate supervision (*see e.g. Matter of Alena O.*, 220 AD2d 358, 361-362 [1995]).

In the father's appeal, we rejected the argument that the Family Court improperly relied on the mother's out-of-court statement, noting that the statement was authenticated by the mother (73 AD3d at 489). In any event, as her hearing testimony amply established neglect, any error in admitting the hearsay statement against the mother was harmless.

The court properly drew a negative inference against the mother from her failure to testify (*Matter of Jayvien E. [Marisol T.]*, 70 AD3d 430, 437 [2010]). Contrary to the mother's contention, "[i]nasmuch as proceedings under Article 10 of the Family Court Act are civil rather than criminal in nature, any inference drawn from the mother's failure to testify does not violate her Fifth Amendment rights in a criminal case pending at the time of the hearing" (*Matter of Nicole H.*, 12 AD3d 182, 183 [2004]).

Notwithstanding her compliance with the agency's recommendation that she undergo domestic abuse counseling, the mother's continued denial of responsibility for her past neglect of the child and her lack of insight into her parental duties justify the court's determination that it is in the child's best interest to be placed with her maternal great-grandmother.

We have reviewed respondent's remaining arguments and find them without merit. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Román, JJ.