■ In the Matter of JONATHAN KEVIN M., a Child Alleged to be Abused. ANTHONY K., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [974 NYS2d 355]—

Order of disposition, Family Court, Bronx County (Kelly A. O'Neill Levy, J.), entered on or about September 25, 2012, which, upon a fact-finding determination that respondent abused the subject child, inter alia, directed respondent to comply with an order of protection enjoining him to stay away from the child until the child's eighteenth birthday and to submit to a mental health evaluation if he seeks to petition for any contact with the child, unanimously affirmed, without costs. Appeal from order of fact-finding (same court and Judge), entered on or about May 7, 2012, unanimously affirmed, without costs.

The record supports the Family Court's determination that, at the time of the abuse, respondent was a person legally responsible for the child's care, because he was married to the mother and was living with her and with the child who was then his stepson. Contrary to respondent's contention, the fact that he may have lived with the child for just eight days before the abuse was discovered does not preclude the finding that he was legally responsible for the child's well-being during the relevant period (see Matter of Yolanda D., 88 NY2d 790 [1996]; Matter of Christopher W., 299 AD2d 268 [1st Dept 2002]).

Furthermore, petitioner agency demonstrated that respondent abused the child by a preponderance of the evidence, which included respondent's guilty plea to a felony assault charge arising from the subject abuse. A police officer testified that respondent made statements admitting that he and the mother had

bitten the child on his leg and arms, and that they had struck him, and those statements were admissible (*see Matter of Sasha B. [Erica B.]*, 73 AD3d 587 [1st Dept 2010], *appeal dismissed* 16 NY3d 755 [2011]; *Matter of Karen BB.*, 216 AD2d 754, 755-756 [3d Dept 1995]). Moreover, the doctor who examined the then two-year-old child after the abuse was discovered testified that he presented with several contusions, bruises, lacerations, scratches, 13 bite marks, internal injuries and several rib fractures, and that the bruises were probably no more than two weeks old and could not have been self-inflicted. The burden thus shifted to respondent, who submitted no evidence and thus failed to rebut the showing of abuse (*see Matter of Philip M.*, 82 NY2d 238, 244 [1993]; *Matter of Vincent M.*, 193 AD2d 398, 402 [1993]). Although the mother admitted that she was responsible for some of the injuries, the burden remained with respondent to provide a satisfactory explanation as to how the child received the injuries that were not caused by the mother or to demonstrate that he had not inflicted them (*see Matter of Matthew O. [Kenneth O.]*, 103 AD3d 67, 75-76 [1st Dept 2012]).

The court properly drew a negative inference against respondent from his failure to testify at the fact-finding hearing, even if the criminal case against him had still been pending (*see Matter of Ashley M.V. [Victor V.]*, 106 AD3d 659, 660 [1st Dept 2013]; *Matter of Aria E. [Lisette B.]*, 82 AD3d 427, 428 [1st Dept 2011]; *Matter of Nicole H.*, 12 AD3d 182, 183 [1st Dept 2004]).

As for the dispositional order, the court had the authority under Family Court Act § 1056 (4) to issue an order of protection directing respondent to stay away from the child until his eighteenth birthday, even though respondent was not the child's biological father and, by that time, he and the mother had divorced. The order directing respondent to submit to a mental health evaluation should he petition for any contact with the child was proper because such requirement is in the child's best interests (*see Matter of Salvatore M. [Nicole M.]*, 104 AD3d 769, 770 [2d Dept 2013], *lv denied* 21 NY3d 858 [2013]; *Matter of Enrique T. v Annamarie M.*, 15 AD3d 310 [1st Dept 2005]). Concur—Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.