■ In the Matter of NAYOMI M. and Others, Children Alleged to be Neglected. PAUL R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. ALEJANDRO A. et al., Nonparty Appellants. [46 NYS3d 102]—

Order of disposition, Family Court, Bronx County (Linda B. Tally, J.), entered on or about July 22, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about July 22, 2015, which found that respondent Paul R. had abused the three oldest subject children, and had derivatively neglected the two youngest subject children, unanimously affirmed, without costs. Appeals from the aforesaid fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition. Appeal from fact-finding order, same court and Judge, entered on or about June 3, 2014, unanimously dismissed, without costs, as abandoned.

Petitioner agency met its burden of proving by a preponder-

ance of the evidence (*see* Family Ct Act § 1046 [b] [i]) that respondent, the father of the youngest subject child and a "[p]erson legally responsible" for the other children (Family Ct Act § 1012 [g]), had abused the three oldest subject children by hitting them, using pressure points, making them stand on one leg and then kicking that leg out, and locking them in a room for extended periods without access to the bathroom. The two oldest girls also witnessed respondent's more severe abuse of the oldest boy, including his slamming of the boy against the wall and choking him. The children's out-of-court statements regarding the abuse were largely consistent and corroborated by photographs of the boy's injuries, a caseworker's testimony regarding her observations of the boy's injuries and the smell of urine in the children's bedroom, medical expert testimony that the boy's injuries could not have been self-inflicted, and respondent's admissions (*see Matter of Rachel S.D. [Sandy D.]*, 113 AD3d 450, 451 [1st Dept 2014]). Medical testimony revealed that the boy's injuries—which included bruises, scratches, black eyes, and black and blue marks on the back of his neck and ears indicative of strangulation—caused a "substantial risk of death" and at least a "substantial risk" of "protracted impairment of . . . emotional health" so as to constitute abuse (Family Ct Act § 1012 [e] [i], [ii]; *see Matter of Rachel S.D. [Luis N.]*, 113 AD3d 450, 450 [1st Dept 2014]; *Matter of Jonathan Kevin M. [Anthony K.]*, 110 AD3d 606, 607 [1st Dept 2013]). Family Court properly drew a negative inference against respondent from his failure to testify, notwithstanding the pendency of a related criminal case (*see Matter of Aria E. [Lisette B.]*, 82 AD3d 427, 428 [1st Dept 2011]).

The finding of derivative neglect with respect to the two youngest children was supported by a preponderance of the evidence. The violent and repeated abuse of the oldest children was "so proximate in time to the derivative proceeding that it c[ould] reasonably be concluded that" respondent had "a faulty understanding of the duties of parenthood" and thus that the youngest children's physical or emotional conditions were "in imminent danger of becoming impaired" (*Matter of Matthew O. [Kenneth O.]*, 103 AD3d 67, 76 [1st Dept 2012] [internal quotation marks omitted]). Family Court did not err in finding derivative neglect, rather than derivative abuse. There was no evidence that the youngest child, who was a baby, was ever directly exposed to any of the abuse. Although the second youngest child appears to have been locked in the room with the other children, he was only two years old at the time and was apparently not subjected to many of the more severe forms of abuse perpetrated by respondent. Concur—Sweeny, J.P., Acosta, Moskowitz, Kapnick and Kahn, JJ.