Matter of Unique S. T. (Jenevia D. T.--Angel T.) (2023 NY Slip Op 01366)

Matter of Unique S. T. (Jenevia D. T.--Angel T.)

2023 NY Slip Op 01366

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Friedman, J.P., González, Kennedy, Shulman, Pitt-Burke, JJ. 

Docket No. N10079/17 Appeal No. 17526 Case No. 2021-04256 

[*1]In the Matter of Unique S. T., A Child Under Eighteen Years of Age, etc., Jenevia D. T., Respondent-Appellant, Angel T. Respondent, Administration for Children's Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.

Fact-finding order, Family Court, New York County (Patria Frias-Colon, J.), entered on or about March 17, 2021, which determined, after a hearing, that respondent mother derivatively neglected the subject child, unanimously affirmed, without costs.
Petitioner made a prima facie showing of derivative neglect as to the subject child (see Matter of Phoenix J. [Kodee J.], 129 AD3d 603, 603 [1st Dept 2015]). There are three prior orders finding that the mother neglected the child and two of his siblings as well as an order terminating her parental rights to his older sibling before the instant petition was filed, which established that the mother still suffered from such an impaired level of parental judgment as to create a substantial risk of harm for any child in her custody (see e.g. Matter of Nayomi M. [Paul R.], 147 AD3d 413, 414 [1st Dept 2017]). That the last finding was entered against the mother around 18 months before this petition was filed against her does not establish that the prior findings are necessarily too remote in time to support a finding of derivative neglect (see Matter of Jamil S. [Shaaniel T.], 156 AD3d 585 [1st Dept 2017]; Matter of Jayden C. [Luisanny A.], 126 AD3d 433, 433-444 [1st Dept 2015]). The record shows that in 2016, about a year before the instant petition was filed against the mother, orders of protection were issued directing her to stay away from the subject child and a younger sibling, and that the order of protection regarding that younger sibling was still in effect when this proceeding commenced.
Furthermore, the mother does not dispute that the child and his siblings have not returned to her care, or that the two orders entering derivative neglect findings against her regarding two of the child's younger siblings, after the instant petition was filed, were based on her failure to comply with her court-ordered service plan, thus further establishing that her neglectful conduct continued (see Matter of A'Nyia P.G. [Qubilah C.T.G.], 176 AD3d 495, 496 [1st Dept 2019], lv denied 34 NY3d 908 [2020]; Matter of Jerell P. [Qubilah G.], 157 AD3d 443, 443 [1st Dept 2018]). Although the Family Court did not state that it was drawing a negative inference against the mother for failing to testify at the fact-finding hearing, it was entitled to do so (see Matter of Christina G. [Vladimir G.], 100 AD3d 454, 454 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023