In the Matter of ESSENCE S. and Another, Children Alleged to be Neglected. STEPHANIE G., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [21 NYS3d 213]—

Orders of fact-finding, Family Court, New York County (Rhoda J. Cohen, J.; Stewart H. Weinstein, J.), entered on or about May 11, 2012 and February 13, 2014, which, inter alia, determined that respondent mother neglected the subject child Essence S., and derivatively neglected the subject child Eternity S., unanimously affirmed, without costs.

A preponderance of the evidence supports the finding that the mother neglected Essence S. (*see* Family Ct Act §§ 1012 [f]; 1046 [b] [i]). The record shows that the mother suffers from mental illness diagnosed as Bipolar Disorder NOS, Post-Traumatic Stress Disorder and Borderline Personality Disorder. As a result of the mother's untreated mental illness and marijuana use, three of her other children, two of whom have been adopted and one who resides in the permanent custody of his father, are no longer in her care. At the time of Essence's birth, as a result of the mother's longstanding, uncontrolled mental illness, as manifested by her bizarre behavior in the hospital after giving birth to Essence, as well as the need for continued mental health services to manage her symptoms, Essence was in danger of neglect (*see Matter of Star Marie S. [Sonia S.]*, 129 AD3d 499 [1st Dept 2015]; *Matter of Eugene G.*, 76 AD2d 781 [1st Dept 1980], *appeal dismissed* 51 NY2d 878 [1980]).

Furthermore, following a mental health evaluation conducted in October 2012, while the dispositional hearing was pending for Essence and during the time that the mother was pregnant with Eternity S., the mother was diagnosed with the above-referenced mental disorders, with a recommendation that it would be unsafe to discharge Essence to the mother's care. The record also shows that the mother had cared for Essence without supervision, on a regular basis, in violation of the court's order to the contrary.

The finding of derivative neglect as to Eternity was also proper because the child was born so close in time to the period in which conditions underlying the mother's longstanding history of neglect existed that Eternity would have been a neglected child if placed in the mother's care (*see Matter of Nhyashanti A. [Evelyn B.]*, 102 AD3d 470 [1st Dept 2013]; *Matter of Cruz*, 121 AD2d 901 [1st Dept 1986]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ.