■ In the Matter of JAMIL S. and Another, Children Alleged to be Neglected. SHAANIEL T., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [67 NYS3d 613]—

Order of fact-finding, Family Court, New York County (Emily M. Olshansky, J.), entered on or about May 11, 2016, which, following a hearing, found the subject children to be neglected, unanimously affirmed, without costs; purported appeal by respondent mother from order, same court and Judge, entered on or about August 10, 2015, which denied respondent's request for a parole of the children pursuant to Family Court Act §§ 1027 and 1028, unanimously dismissed, without costs, as moot.

The agency established a prima facie case against the mother of derivative neglect as to the subject children, based on the mother's multiple prior findings over the course of approximately 10 years, including a finding of sexual abuse as to one of her children (*see Matter of Phoenix J. [Kodee J.]*, 129 AD3d

603 [1st Dept 2015]; *see also Matter of Essence S. [Stephanie G.]*, 134 AD3d 415, 416 [1st Dept 2015]; *Matter of Camarrie B. [Maria R.]*, 107 AD3d 409 [1st Dept 2013]). Moreover, the findings and orders which terminated the mother's rights as to another child based on permanent neglect were entered approximately five months prior to the birth of the subject children (*see Matter of Darren Desmond W. [Nirandah W.]*, 121 AD3d 573, 573-574 [1st Dept 2014]; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803 [2d Dept 2011]), newborn twins Jamil and Jamila (*see Matter of Kimberly H.*, 242 AD2d 35, 39 [1st Dept 1998]; *see also Matter of Noah Jeremiah J. [Kimberly J.]*, 81 AD3d 37, 44 [1st Dept 2010]; *Matter of Nhyashanti A. [Evelyn B.]*, 102 AD3d 470 [1st Dept 2013]).

Further, the mother had been asked to complete a number of service plans, which included domestic violence counseling, individual therapy and substance abuse treatment, as well as anger management based on domestic incident reports that were called in by her children. Notwithstanding, the mother stopped attending all of services when she became pregnant with the twins, claiming that she had been placed on "bed-rest" (*see Matter of Phoenix J. [Kodee J.]*, 129 AD3d 603 [2015]). However, she failed to produce any documentation to support this claim, and the caseworker testified that the documentation intended to support this claim indicated that the mother was not on "bed-rest," but only prohibited from lifting heavy objects. The evidence showed that the mother had been discharged from therapy for nonattendance, and repeatedly was advised that the academic counseling she received at school was an insufficient substitute given the school's assertion that it did not offer mental health services.

Further, the mother failed to comply with court orders which directed that the children Musa (a/k/a Milan) and Famod attend school on a daily basis and required appointments, including Milan's appointments related to his probation.

On this record, the mother failed to complete the services that were repeatedly ordered as a result of numerous child protective proceedings, including one involving sexual abuse, as well as a prior termination of parental rights proceeding, which concluded within five months prior to the filing of the underlying petition. Under the circumstances, the evidence establishes substantial risk to the newborn twins (*Matter of Vincent M.*, 193 AD2d 398, 404 [1st Dept 1993]).

The mother's purported appeal from the denial of her request to return the twins pursuant to Family Court Act § 1028 has been rendered moot by the determination of neglect (*see Matter*

*of Jalicia G. [Jacqueline G.]*, 130 AD3d 402 [1st Dept 2015]); and is, for the reasons stated, in any event, unavailing (Family Ct Act § 1028 [a] [ii]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.