Matter of Daniela P.C. (Maria C.A.) (2018 NY Slip Op 07542)





Matter of Daniela P.C. (Maria C.A.)


2018 NY Slip Op 07542


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7564

[*1]In re Daniela P.C., and Another, Children Under Eighteen Years of Age, etc., Maria C.A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jonathan Popolow of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marianne Allegro of counsel), attorney for the children.



Order of fact-finding and disposition (one paper), Family Court, New York County (Jane Pearl, J.), entered on or about July 5, 2017, insofar as it determined, after a hearing, that respondent mother neglected the two subject children, unanimously modified, on the law and the facts, to vacate the finding that the mother neglected the child Arianny as alleged in paragraph 2A of the petitions by having an altercation with another person while the child was present, and enter a finding that the mother derivatively neglected Arianny as alleged in paragraph F of the petitions, and otherwise affirmed, without costs.
A preponderance of the evidence supports the Family Court's finding that the mother medically neglected the younger subject child, Daniela, by not ensuring that she return for follow-up care for her behavioral issues and receive her prescribed medication after her February 2017 hospitalization, which resulted in the child being readmitted to the hospital three times in February 2017, and once in March 2017 (see Matter of Joelle T. [Laconia W.], 140 AD3d 513, 514 [1st Dept 2016]; Matter of Jadaquis B. [Sameerah B.], 116 AD3d 448, 448 [1st Dept 2014]). A preponderance of the evidence also establishes that the mother neglected Daniela by allowing the mother's adult daughter to assault her even after an order of protection was issued in Daniela's favor directing the adult daughter to refrain from assaulting her (see Matter of Cheyenne S., 11 AD3d 362 [1st Dept 2004]). Daniela's out-of-court statement that on January 5, 2017, the mother's adult daughter had cut Daniela's arm with glass was corroborated by the caseworker observing the injury (see Matter of Harrhae Y. [Shy-Macca Ernestine B.], 112 AD3d 512, 512 [1st Dept 2013]). In addition, caseworkers saw the adult daughter and Daniela having a physical altercation in the mother's home on March 6, 2017.
The court did not err in drawing a negative inference from the mother's failure to testify at the fact-finding hearing and it is of no moment that she testified at the status hearing or that a criminal case was pending against her at the time of the fact-finding hearing (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Rachel S.D. [Luis N.], 113 AD3d 450 [1st Dept 2014]).
However, we find that the Family Court erred in entering a finding that petitioner Administration for Children's Services (ACS) demonstrated by a preponderance of the evidence that on October 12, 2016, the mother neglected Arianny by engaging in an altercation with another person while she was present, because there is no evidence that Arianny was present during that altercation. Instead, we enter a finding of derivative neglect against the mother as to [*2]Arianny as alleged in paragraph F of the petition and amended petition, because a preponderance of the evidence demonstrates that she was living in the home when the neglect of Daniela occurred and the mother's actions evince such a fundamental defect in parenting as to place Arianny in substantial risk of harm (see Matter of Kyanna T. [Winston R.], 99 AD3d 1011, 1014 [1st Dept 2012], lv denied 20 NY3d 856 [2013]).
Although the mother purports to appeal from the March 8, 2017 and the June 21, 2017 oral decisions granting ACS's March 8, 2017 order to show cause for placement of Daniela into foster care pursuant to Family Court Act § 1027, no notice of appeal has been filed from those decisions and we are, accordingly, without jurisdiction to address her arguments with respect thereto (see Matter of Destiny R., 266 AD2d 101, 102 [1st Dept 1999]). We also note that even if the mother had filed a notice of appeal as to the aforementioned oral rulings and submitted an order or a "so-order transcript," we would find that the determination that Daniela should be temporarily removed from the mother's care during the underlying proceeding has been rendered moot by the subsequent finding of neglect against the mother (see Matter of Jamil S. [Shaaniel T.], 156 AD3d 585, 586-587 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK