Matter of Quisbel D.P. (Digna D.P.) (2021 NY Slip Op 06097)





Matter of Quisbel D.P. (Digna D.P.)


2021 NY Slip Op 06097


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Docket No. NN-00943/19, NN-009444/19 Appeal No. 14569-14569A Case No. 2021-00617 

[*1]In the Matter of Quisbel D.P. and Another, Children Under Eighteen Years of Age, etc., Digna D.P., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about February 14, 2020, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about January 17, 2020, which found that respondent mother neglected the subject child, Quisbel D.P., unanimously affirmed, and the appeal therefrom otherwise dismissed as moot, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the determination that the mother neglected the subject child by inflicting excessive corporal punishment, thereby placing the child at imminent risk of physical and emotional harm (see Matter of Paige T. [Kodjo T.], 189 AD3d 563, 564 [1st Dept 2020]). The child's out-of-court statements concerning the incident were corroborated by the mother's admission that she hit the child with a belt, the caseworker's observation of the injuries, and the medical records finding visible bruising on the child's arms, legs, and back the day after the incident.
The appeal from so much of the order of disposition as brings up for review the finding of derivative neglect of the younger child is dismissed as moot, since a later order of the Family Court modified the dispositional order in accordance with Family Court Act § 1061, vacated the finding of derivative neglect, and dismissed the neglect petition pertaining to the younger child, with prejudice (see Matter of Giah A. [Israel A.], 154 AD3d 841, 842 [2d Dept 2017], lv denied 30 NY3d 908 [2018]).
To the extent the appeal seeks review of the order denying the mother's request to return the subject child pursuant to Family Court Act § 1028 without a hearing, it has been rendered moot by the fact-finding order of neglect (see Matter of Jamil S. [Shaaniel T.], 156 AD3d 585, 586-587 [1st Dept 2017]). Moreover, the subject child has since turned 18 (see Matter of Geovany S. [Martin R.], 143 AD3d 578, 578 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021