Matter of Jaque A. (Dana M.) (2022 NY Slip Op 02750)

Matter of Jaque A. (Dana M.)

2022 NY Slip Op 02750

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. NN-4436/20 Appeal No. 15790 Case No. 2021-01331 

[*1]In the Matter of Jaque A., a Child under Eighteen Years of Age, etc., Dana M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Andrew J. Baer, New York, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (David J. Kaplan, J.), entered on or about March 18, 2021, which, to the extent appealed from as limited by the briefs, found that respondent mother neglected the subject child, unanimously affirmed, without costs.
The neglect finding is supported by a preponderance of the evidence demonstrating that the mother's failure to seek treatment for her serious mental illness placed the subject child at imminent risk of harm (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Naomi S. [Hadar S.], 87 AD3d 936, 937 [1st Dept 2011], lv denied 18 NY3d 804 [2012]). In a prior neglect proceeding, the mother's older child was removed from her care and she was directed to seek mental health counseling but failed to comply (see Matter of Star Marie S. [Sonia S.], 129 AD3d 499 [1st Dept 2015]). Moreover, the evidence shows that the mother, who has been diagnosed with schizophrenia, became homeless in Montana during her pregnancy with the subject child. She was involuntarily committed to a hospital there for a period of 90 days, ending on January 16, 2020, for mental health treatment based on a judicial finding beyond a reasonable doubt that she suffered from a psychotic disorder that caused her to be an imminent danger to others. The involuntary commitment order further found that she had not been compliant with mental health treatment in the community and required medication, administered involuntarily, if necessary, to treat her psychosis. The order also required that, following discharge, she was to engage in treatment in the community, including continuation of all medications prescribed while in the hospital, and medication monitoring.
The mother returned to New York where she gave birth to the subject child only a few weeks after the end of her term of involuntary hospitalization. The social worker at the hospital where the mother gave birth noted that she refused treatment for high blood pressure; denied ACS involvement although the case that had resulted in the removal of her other child was still active; claimed that her other child was in the custody of that child's father although he was deceased at the time; and denied any history of mental illness, despite her recent hospitalization and prior psychiatric admissions at the same hospital where she had just given birth, including one in which she was assessed to have a mental illness "likely to result in serious harm to self or others." There was no evidence that the mother received any mental health treatment after she returned to New York.
Accordingly, the evidence supports the finding that the child's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of the mother's psychotic disorder which caused her to be an imminent danger to others, her denial of her mental illness, her failure to obtain treatment, and her history of mental illness and resistance to treatment (see [*2]Family Ct Act §§ 1046[b][i], 1012[f] [i][B]; see also Matter of Essence S. [Stephanie G.]., 134 AD3d 415, 415 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022