Matter of Siri V. (Julianna V.) (2022 NY Slip Op 03982)

Matter of Siri V. (Julianna V.)

2022 NY Slip Op 03982

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Docket No. NN-04539/20 NN-04540-20 Appeal No. 16148 Case No. 2021-03257 

[*1]In the Matter of Siri V. and Another, Children Under Eighteen Years of Age, etc., Julianna V., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Jay A. Maller, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the children.

Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about August 6, 2021, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about August 2, 2021, which determined that respondent mother neglected the subject children, unanimously affirmed as to the fact finding, and dismissed as academic as to the placement of the children in the custody of their paternal grandmother until completion of the next permanency hearing, without costs.
A preponderance of the evidence supports Family Court's finding that the children's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the mother's long-standing history of mental illness and resistance to treatment, notwithstanding the absence of a definitive diagnosis (see Family Court Act §§ 1046[b][i]; 1012[f][i][B]; Matter of Caress S., 250 AD2d 490, 490 [1st Dept 1998]). The finding of neglect was supported by the hospital records concerning the mother's disturbing behavior with her newborn daughter, which indicated that the mother continued to suffer from the mental health issues that had resulted in a previous finding of neglect in 2016 (see Matter of Essence S. [Stephanie G.], 134 AD3d 415, 415 [1st Dept 2015]; Matter of Noah Jeremiah J. [Kimberly J.], 81 AD3d 37, 42 [1st Dept 2010]). Indeed, after the neglect finding in 2016, the mother's two oldest children were removed from her care after she failed to seek mental health treatment and take her prescribed medication as ordered by Family Court, and the 2016 finding was not too remote in time from this proceeding to support a reasonable conclusion that the condition still exists (see Matter of Phoenix J. [Kodee J.], 129 AD3d 603, 604 [1st Dept 2015]; Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 42 [1st Dept 2017], affd 30 NY3d 985 [2017]).
There are no grounds for disturbing Family Court's credibility determinations, including the weight to be given to any inconsistencies in testimony, because the court was in the best position to observe and assess the demeanor of the witnesses (see Matter of Sade [Scott M.], 103 AD3d 519, 520 [1st Dept 2013]).
Furthermore, to the extent the mother is challenging the dispositional finding regarding the children's placement, that aspect of the order is academic as the date scheduled for the next permanency hearing has passed and the placement has reportedly been superseded by a later order issued in another neglect proceeding brought on behalf of all four children directing temporary removal from the paternal grandparents' home (see Matter of Tiara G. [Cheryl R.], 102 AD3d 611, 612 [1st Dept 2013], lv denied 21 NY3d 855 [2013]; Matter of Breeyanna S., 52 AD3d 342, 342 [1st Dept 2008], lv denied 11 NY3d 711 [2008]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022