■ In the Matter of MARIYA M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH M., Appellant. (Proceeding No. 1.) In the Matter of SHANE M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH M., Appellant. (Proceeding No. 2.) In the Matter of JOSEPH M. SUF-

FOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH M., Appellant. (Proceeding No. 3.) In the Matter of AMARI M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH M., Appellant. (Proceeding No. 4.) In the Matter of AMAYA M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH M., Appellant. (Proceeding No. 5.) In the Matter of ARIANNA H. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH M., Appellant. (Proceeding No. 6.) In the Matter of AMORA B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH M., Appellant. (Proceeding No. 7.) In the Matter of ARTHUR B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH M., Appellant. (Proceeding No. 8.) [46 NYS3d 919]—

Appeal by Joseph M. from an order of fact-finding of the Family Court, Suffolk County (Bernard Cheng, J.), dated December 4, 2015. The order, after a hearing, found that Joseph M. had neglected the subject children by committing domestic violence against the mother.

Ordered that the order is affirmed, without costs or disbursements.

The Suffolk County Department of Social Services (hereinafter the DSS) filed a petition alleging that Joseph M. (hereinafter the father), the person legally responsible for the subject children, neglected the children by engaging in domestic violence against their mother in their presence. At a hearing, the mother testified that on April 28, 2015, the father pushed her and threw a chair into a window. A Child Protective Services caseworker testified that she interviewed three of the subject children about this incident. In sum, the children had stated that they saw the father push, punch, and choke the mother and that the father had inadvertently hit one of the children when that child tried to intervene. Following the hearing, in an order of fact-finding, the Family Court found that the father had neglected the subject children by committing domestic violence against the mother. The father appeals from this order, and we affirm.

Contrary to the father's arguments, the Family Court correctly found that the children's out-of-court statements were sufficiently corroborated and that their statements established by a preponderance of the evidence that the father had impaired or created an imminent danger of impairment of the children's physical, mental, or emotional conditions (see *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Jada*

A. *[Robert W.]*, 116 AD3d 769, 769-770 [2014]; *Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011]).

The father's contention that he was not a "parent or other person legally responsible for" the subject children (Family Ct Act § 1012 [a]), raised for the first time on appeal, is not properly before us (*see Matter of Jordan T.R. [David R.]*, 113 AD3d 861, 864 [2014]). Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.