■ In the Matter of ANDRU G. and Others, Children Alleged to be Neglected. JASMINE C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [64 NYS3d 886]—

Order of disposition, Family Court, New York County (Emily M. Olshansky, J.), entered on or about October 20, 2016, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about January 21, 2016, finding, after a hearing, that respondent mother neglected the subject children, unanimously affirmed, without costs. Appeal from the

fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The record shows that the children were subject to actual or imminent danger of injury or impairment to their emotional and mental condition as a result of their exposure to repeated incidents of domestic violence between the mother and other members of the family, including the father of one of the children (*see Matter of Serenity H. [Tasha S.]*, 132 AD3d 508 [1st Dept 2015]; *Matter of Angie G. [Jose D.G.]*, 111 AD3d 404, 405 [1st Dept 2013]). In each of the incidents, all three children were in the apartment and were in imminent danger of physical impairment, since they were in close proximity to violence directed against a family member, even absent evidence that they were aware of or emotionally impacted by the violence (*see Matter of Kelly A. [Ghyslaine G.]*, 95 AD3d 784, 784 [1st Dept 2012]). One incident that occurred during a custody exchange involved the mother and the child's father each pulling on the child. This "single incident" is sufficient for a finding of neglect (*see Matter of Tavene H. [William G.]*, 139 AD3d 633, 634 [1st Dept 2016]).

Family Court also properly found neglect based on the evidence that the mother failed to provide adequate shelter, since she took no steps to remedy the condition of the room she shared with the children, which was cluttered with boxes and plastic bags containing the children's laundry, which she said she had not washed for one year (*Matter of China C. [Alexis C.]*, 116 AD3d 953 [2d Dept 2014], *lv dismissed* 23 NY3d 1047 [2014]). The mother also medically neglected one of the children by failing to obtain prompt and proper treatment for his dental abscess, while keeping him for an unauthorized four-day visit (*see Matter of Nivek A.S. [Juanita S.]*, 148 AD3d 459 [1st Dept 2017]). Concur—Tom, J.P., Renwick, Gische, Oing and Singh, JJ.