Matter of O'Ryan Elizah H. (Kairo E.) (2019 NY Slip Op 02476)





Matter of O'Ryan Elizah H. (Kairo E.)


2019 NY Slip Op 02476


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8873 8872

[*1]In re O'Ryan Elizah H., and Others, Children Under Eighteen Years of Age, etc., Kairo E., Respondent-Appellant, Commissioner of Social Services of the City of New York, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for children.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about February 15, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about November 30, 2017, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f][i][B]; 1046 [b][i]) and there is no basis to disturb the court's credibility determinations. The record shows that the children were subject to actual or imminent danger of injury or impairment to their emotional and mental condition as a result of their exposure to repeated incidents of domestic violence between the father and mother (Matter of Tyjaa E.[Kareem McC.], 157 AD3d 420 [1st Dept 2018]; Matter of Jihad H.[Fawaz H.], 151 AD3d 1063 [2nd Dept 2017]). Impairment or an imminent danger of impairment to the physical, mental, or emotional condition of the subject children could be inferred from the father's conduct because the children were in close proximity to violence directed against a family member, even absent evidence that they were aware of or emotionally impacted by it (Matter of Andru G.[Jasmine C.], 156 AD3d 456 [1st Dept 2017]; Matter of Jalicia G.[Jacqueline G.], 130 AD3d 402 [1st Dept 2015]; Matter of Angie G.[Jose D.G.], 111 AD3d 404 [1st Dept 2013]).
In view of our affirmance of the court's finding of neglect
based on domestic violence, we need not consider any other basis upon which the court found neglect.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK