Matter of Najaie C. (Niger C.) (2019 NY Slip Op 04935)





Matter of Najaie C. (Niger C.)


2019 NY Slip Op 04935


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-13482
 (Docket Nos. N-7310-17, N-7311-17, N-7312-17, N-7313-17)

[*1]In the Matter of Najaie C. (Anonymous). Administration for Children's Services, petitioner; Niger C. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Chase S. (Anonymous). Administration for Children's Services, petitioner- appellant; Ishura S. (Anonymous), respondent- respondent, et al., respondent. (Proceeding No. 2)
In the Matter of Kylie J. (Anonymous). Administration for Children's Services, petitioner- appellant; Ishura S. (Anonymous), respondent- respondent, et al., respondent. (Proceeding No. 3)
In the Matter of Kaden B. (Anonymous). Administration for Children's Services, petitioner- appellant; Ishura S. (Anonymous), respondent- respondent, et al., respondent. (Proceeding No. 4)


Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Deborah E. Wassel of counsel), for appellant.
Warren S. Hecht, Forest Hills, NY, attorney for the children.



DECISION & ORDER
In related proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated November 9, 2018. The order, after a fact-finding hearing and upon a finding that the petitioner failed to establish that the mother neglected the subject children, dismissed the petitions.
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petitions are reinstated, a finding is made that the mother neglected the subject children, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and determinations thereafter.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging that the respondent mother neglected her three children. Evidence was presented at a fact-finding hearing that the mother attacked her pregnant sister, the children's aunt, with a knife, causing lacerations to her ear that required medical treatment, while the children were in the home. The Family Court found that ACS failed to prove by a preponderance of evidence that the mother neglected the children, noting that there was no evidence that the children witnessed the incident. ACS appeals.
"To establish neglect pursuant to Family Court Act § 1012(f)(i)(B), a petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Andre K. [Jamal G.], 142 AD3d 1171, 1172; see Matter of Jordan R. [Yon R.-W.], 162 AD3d 671, 672; Matter of Gianna A. [Joshua A.], 132 AD3d 855, 855-856; Matter of Kiana M.-M. [Robert M.], 123 AD3d 720, 720-721; Matter of Anthony S. [Dawn N.], 98 AD3d 519, 520).
Contrary to the Family Court's determination, an imminent danger of impairment to the physical, mental, or emotional condition of the subject children should be inferred from the mother's egregious conduct of attacking the children's pregnant aunt with a knife while the children were in the home (see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064; Matter of Moises G. [Luis G.], 135 AD3d 527, 527). Furthermore, impairment or imminent danger of physical impairment should also be inferred from the subject children's proximity to violence directed against a family member, "even absent evidence that they were aware of or emotionally impacted by the violence" (Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457; see Matter of O'Ryan Elizah H. [Kairo E.], ___ AD3d ___, 2019 NY Slip Op 02476 [1st Dept 2019]).
Under these circumstances, the Family Court's finding that the subject children were not neglected is not supported by the record. Accordingly, we reverse the order, reinstate the petitions, find that the children are neglected within the meaning of Family Court Act § 1012(f), and remit the matter to the Family Court, Kings County, for a dispositional hearing and determinations thereafter.
In light of our determination, ACS's remaining contention need not be reached.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court