Matter of Krystal R. v Kriston L. (2019 NY Slip Op 08152)





Matter of Krystal R. v Kriston L.


2019 NY Slip Op 08152


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10288A 10288

[*1] In re Krystal R., Petitioner-Respondent,
v
Kriston L., Respondent-Appellant.
In re Kai L., A Child Under Eighteen Years of Age, etc., Kriston L., Respondent-Appellant, 
Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Andrew J. Baer, New York, for Krystal R., respondent.
Zachary W. Carter, Corporation Counsel, New York (Cynthia Kao of counsel), for Administration for Children's Services, respondent.
Larry S. Bachner, New York, attorney for the child.



Order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about July 31, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about July 31, 2018, which found that respondent father neglected the subject child, unanimously affirmed, without costs. Order, same court and Judge, entered on or about July 31, 2018, which denied respondent-father's motion to vacate an order of protection entered against him after an inquest conducted upon his default, unanimously affirmed, without costs.
Respondent failed to demonstrate a reasonable excuse for his failure to appear at the hearing on the family offense petition (see CPLR 5015[a][1]). Although respondent contended that he was evicted a month before the hearing and subsequently lost his phone, he also admitted that he "simply forgot the date," which does not constitute a reasonable excuse (see Matter of Jenny F. v Felix C., 121 AD3d 413 [1st Dept 2014]). He was present during the scheduling of the hearing, and it was his responsibility to verify the date with his attorney or the Family Court itself (see e.g. Matter of Yadori Marie F. [Osvaldo F.], 111 AD3d 418, 419 [1st Dept 2013]). Further, the court properly denied respondent's attorney's request for an adjournment where the attorney failed to provide any explanation for respondent's failure to appear (see Matter of Keith H. [Logann M.K.], 113 AD3d 555, 556 [1st Dept 2014], lv denied 23 NY3d 902 [2014]). Since respondent failed to offer a reasonable excuse for his default, we need not determine whether he offered a meritorious defense to the family offense petition (see Matter of Yadori at 419); in any [*2]event, he did not.
Further, a preponderance of the evidence supports the Family Court's finding that respondent neglected the subject child by engaging in multiple verbal and physical altercations with the child's mother in the child's presence and inflicting physical violence upon the mother and causing an injury to the child, on at least one occasion (see Terrence B. [Terrence J.B.], 171 AD3d 463 [1st Dept 2019]). Impairment or an imminent danger of impairment to the physical, mental, or emotional condition of the child could be inferred from the respondent's conduct because the child was in close proximity to violence directed against his mother, even absent evidence that he was emotionally impacted by it long term (Matter of Andru G.[Jasmine C.], 156 AD3d 456 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK