Matter of Mateo M.S.J. (Daniel M.A.) (2020 NY Slip Op 03184)





Matter of Mateo M.S.J. (Daniel M.A.)


2020 NY Slip Op 03184


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11597 -18

[*1] In re Mateo M.S.J. A Child Under Eighteen Years of Age, etc., Daniel M.A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Ehrlich Gayner, LLP, New York (Charles J. Gayner of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Julia Bedell of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about June 17, 2019, which, inter alia, after a hearing, found that respondent father neglected the subject child by committing an act of domestic violence against nonrespondent mother in his presence, released the child to the mother with supervision by Administration for Children's Services, and directed the father to engage in supervised visitation with the child, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act § 1012[f]; § 1046[b]). The record shows that during an altercation the father struck the mother in her arm with her cell phone while he was holding the child. Exposure to even a single instance of domestic violence may be a proper basis for a finding of neglect (see Matter of Jermaine K.R. [Jermaine R.], 176 AD3d 648 [1st Dept 2019]; Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]). Contrary to the father's contention, the child was in danger of becoming emotionally or physically impaired by the violence the father was inflicting upon the mother in the child's presence. The mother's testimony that during the incident the child was paralyzed, appeared afraid and later refused to eat dinner was sufficient to show that his emotional well being had been impaired by the altercation he witnessed (see Matter of Isaiah D. [Mark D.], 159 AD3d 534, 535 [1st Dept 2018]). There exists no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]).
Respondent failed to preserve his argument that the petition should have been dismissed pursuant to Family Ct Act § 1051(c), and we decline to consider it in the interest of justice (see Matter of John S. [Milica S.], 137 AD3d 706 [1st Dept 2016]). Were we to consider it, we would find the argument unavailing.
Although the order directed the visits between the father and the child be supervised, it has been superseded by an order providing for unsupervised visitation. Thus, the father's challenges to that part of the order are academic (see Matter of Antoine R.A. v Theresa M., 143 AD3d 649, 650 [1st Dept 2016]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK