Matter of Fouad S. (Mahmoud S.) (2021 NY Slip Op 00097)





Matter of Fouad S. (Mahmoud S.)


2021 NY Slip Op 00097


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Docket No. NN18693-4/17 Appeal No. 12804-12804A Case No. 2019-5694 

[*1]In the Matter of Fouad S. and Another, Children Under Eighteen Years of Age, etc., Mahmoud S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


The Bronx Defenders, Bronx (Gwyneth Hesser of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about June 17, 2019, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about May 6, 2019, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence, which shows that the children's mental and emotional condition was impaired or in imminent danger of becoming impaired as a result of their exposure to incidents of domestic violence by respondent against their mother (Family Court Act §§ 1012[f][i][B]; 1046[b][i]; see Matter of Andru G. [Jasmine C.], 156 AD3d 456 [1st Dept 2017]). The court properly considered evidence of respondent's plea to disorderly conduct, and the resulting order of protection, in conjunction with testimony and documentary evidence (cf. People v Afton C. [James C.], 17 NY3d 1 [2011] [evidence of conviction and sex offender registration, without more, insufficient to demonstrate breach of minimum duty of parental care]). We perceive no basis for disturbing the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 778 [1975]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021