Matter of Myah G. (James G.) (2021 NY Slip Op 00114)





Matter of Myah G. (James G.)


2021 NY Slip Op 00114


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Docket No. NN-6759-60/18 Appeal No. 12848-12848A Case No. 2019-05148 

[*1]In the Matter of Myah G., and Another, Children Under Eighteen Years of Age, etc., James G. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Karen Freedman, Lawyers for Children Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 10, 2019, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about January 22, 2019, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the finding that the father neglected the subject children by engaging in acts of domestic violence in their presence (see Family Ct Act § 1012[f][i][B]). The mother testified that the father would hit and yell at her in the children's presence and that on one occasion, the children were present when he threatened her with a knife outside of her apartment despite the existence of an order of protection against him. The father demanded that the mother let him in the apartment, which she did out of fear. When inside the apartment, the father continued to threaten the mother with a knife in the children's presence. One of the children also related the father's acts of violence. The father's actions of threatening the mother with a weapon in front of the children exposed them to an imminent risk of harm (see Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]; Matter of Errol S., 66 AD3d 579 [1st Dept 2009]). There exists no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776 [1975]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021