Matter of Athena M. (Manuel M.T.) (2021 NY Slip Op 00495)





Matter of Athena M. (Manuel M.T.)


2021 NY Slip Op 00495


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Docket No. NN-14196/18 Appeal No. 12985 Case No. 2019-4154 

[*1]In the Matter of Athena M., a Child Under Eighteen Years of Age, etc., Manuel M.T., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Susan Barrie, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Julia Bedell of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about March 28, 2019, to the extent it determined, after a fact-finding hearing, that respondent father neglected the subject child, unanimously affirmed, without costs, and appeal from the dispositional portion thereof, unanimously dismissed, without costs, as moot.
The finding of neglect is supported by a preponderance of the evidence, which shows that the child's mental and emotional condition was impaired or in imminent danger of becoming impaired as a result of her exposure to an incident of domestic violence committed by respondent against the child's mother (Family Court Act §§ 1012[f][i][B]; 1046[b][i]; see Matter of Andru G. [Jasmine C.], 156 AD3d 456 [1st Dept 2017]). The fact that the domestic violence occurred in close proximity to the child, who was awake at the time, permits an inference of impairment or imminent danger of impairment, even in the absence of evidence that the child was aware of it or emotionally affected by it (Andru G., 156 AD3d at 457; Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]). Moreover, respondent's single act of domestic violence, in which he hit the mother in the face twice, in the child's presence, is sufficient to find neglect (see Matter of Mateo M.S.J. [Daniel M.A.], 184 AD3d 415 [1st Dept 2020]).
The appeal from the dispositional portion of the order is dismissed as moot, as that portion of the order has expired by its own terms (see Matter of Angie G. [Jose D.G.], 111 AD3d 404, 405 [1st Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021