Matter of Zamir D. (Peter J.D.--Clara A.) (2022 NY Slip Op 00005)





Matter of Zamir D. (Peter J.D.--Clara A.)


2022 NY Slip Op 00005


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Docket No. NN-32416/18, NN-32417/18 Appeal No. 14942 Case No. 2021-00003 

[*1]In the Matter of Zamir D., and Another, Children Under Eighteen Years of Age, etc., Peter J.D., Respondent-Appellant, Clara A., Respondent, Administration for Children's Services, Petitioner-Respondent.


Law Office of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Order of fact-finding, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about July 31, 2020, which, after a hearing, determined that appellant Peter J.D. neglected the subject children, unanimously affirmed, without costs.
The court's finding of neglect is supported by a preponderance of the evidence (Family Ct Act § 1012 [f] [i] [B]; § 1046 [b]). There is no basis for disturbing the court's credibility determinations. The out-of-court statements made by the older child and by appellant's other child that they witnessed appellant commit acts of domestic violence against the mother were corroborated by the mother's testimony (see Matter of Niveyama C-T. [Antwon C-T.], 194 AD3d 564 [1st Dept 2021]). The older child disclosed to the agency's caseworker that she was afraid of appellant because she saw him punch the mother. The mother's testimony showed that on several occasions appellant physically abused her when the subject children were present and in close proximity to the violence (see e.g. Matter of Jermain K.R. [Jermaine R.], 176 AD3d 648 [1st Dept 2019]). Furthermore, the agency laid a proper foundation for the admission of the agency's progress notes containing the children's statements through the testimony of its employee, "who was familiar with the agency's record-keeping practices" (Matter of James M.B. [Claudia H.], 155 AD3d 1027, 1030 [2d Dept 2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022