Matter of Esther N. (Onyebuchi N.) (2022 NY Slip Op 04126)

Matter of Esther N. (Onyebuchi N.)

2022 NY Slip Op 04126

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Docket No. NN-10393/20, NN-10394/20, NN-10395/20, NN-10396/20 Appeal No. 16217 Case No. 2021-03717 

[*1]In the Matter of Esther N. and Others, Children Under Eighteen Years of Age, etc., Onyebuchi N., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Steven N. Feinman, White Plains, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (E. Grace Park, J.), entered on or about September 23, 2021, insofar as it determined, after a hearing, that respondent father neglected the four subject children, unanimously affirmed, without costs.
The findings of neglect were supported by a preponderance of the evidence that the father committed acts of domestic violence in the presence of two of the children and while the other two children were in the apartment (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3 [1985]). The credited testimony of the mother and the caseworker at the fact-finding hearing demonstrated that the father punched the mother with a closed fist while he was arguing with her about the family's expenses in the living room where two of the children were present, and then continued fighting with her behind a closed bedroom door, leading the children to ask him to stop and to summon the police (see Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623, 624 [1st Dept 2019]). The two children's out-of-court statements that after they saw the father punch the mother with a closed fist, the eldest daughter summoned the police to stop the altercation as testified to by the caseworker was supported by the mother's testimony about the incident (see Matter of Zamir D. [Peter J.D.], 201 AD3d 403 [1st Dept 2022]; Matter of Jamya C. [Jermaine F.], 165 AD3d 410, 410 [1st Dept 2018]).
A single instance of domestic violence may be a proper basis for a finding of neglect (see Matter of Bobbi B. [Bobby B.], 165 AD3d 587, 587 [1st Dept 2018]). Contrary to the father's contention, the record, including the mother's testimony that those children told her that they summoned the police because they were scared of what he was going to do to her, supports the finding that the two older children were in danger of or were emotionally impaired by the domestic violence that he inflicted upon the mother while they were present (see Matter of Jamya C. [Jermaine F.], 165 AD3d 410, 410 [1st Dept 2018]; Matter of Isaiah D. [Mark D.], 159 AD3d 534, 535 [1st Dept 2018]).
Furthermore, the two younger children, who were in their own bedroom when the incident occurred, were in imminent danger of physical impairment due to their proximity to the violence directed at the mother even in the absence of evidence that they were aware of the incident or emotionally affected by it (see Matter of Athena M. [Manuel M.T.], 190 AD3d 644, 644 [1st Dept 2021]; Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]).
There is no basis for disturbing the credibility determinations of the Family Court, which found that it was the father who was the aggressor that day and started the altercation by punching the mother in the face and rejected his testimony concerning her use of a taser as incredible (see Matter of Kelly A. [Ghyslaine G.], 95 AD3d 784, 784 [1st Dept 2012]; Matter of Jared S. [Monet S.], 78 [*2]AD3d 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]; Matter of Ilene M., 19 AD3d 106, 106 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022