Matter of Kaylee S. (Kyle L. S.) (2023 NY Slip Op 01150)

Matter of Kaylee S. (Kyle L. S.)

2023 NY Slip Op 01150

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Docket No. N15784/21 N15785/21 Appeal No. 17422 Case No. 2022-02428 

[*1]In the Matter of Kaylee S., and Another, Children Under Eighteen Years of Age, etc., Kyle L. S., Respondent-Appellant, Administration for Children's Services, Respondent-Respondent. 

Anne Reiniger, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County, (Robert D. Hettleman, J.), entered on or about May 12, 2022, which to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent father neglected the subject children, unanimously modified, on the law and the facts, to the extent of vacating the findings of neglect based upon prior acts of domestic violence and intoxication, and otherwise affirmed, without costs.
The finding of neglect was supported by a preponderance of the evidence that the father committed an act of domestic violence in the presence of the children on a specific occasion (Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b]). The out-of-court statements by one of the children regarding a domestic incident involving the father and the mother in the children's presence were sufficiently corroborated by the parents' testimony, which described the altercation in a manner similar to the child's description, but for their denial of any physical component to the fight (see Matter of Nicole V., 71 NY2d 112, 118-119 [1987]; Matter of Corey J. [Corey J.], 157 AD3d 449, 450 [1st Dept 2018]). Family Court was entitled to reject the parents' claim that nothing physical occurred between them as not credible, and we perceive no basis for disturbing the court's credibility determinations. Furthermore, the child's statement that she was afraid of the father and did not feel safe in her home demonstrated an imminent risk of emotional impairment (see e.g. Matter of Justin E. [Jose N.-R.], 172 AD3d 613 [1st Dept 2019], lv denied 33 NY3d 911 [2019]). The younger child's presence in the room and proximity to the event likewise placed him in imminent danger of impairment, even if he was unaware of the interaction (see Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]).
However, a preponderance of the evidence does not support a finding of neglect based on the father's alcohol use or on any prior incidents of domestic abuse, as those findings were based on out-of-court statements of the child that were not sufficiently corroborated by any other evidence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023