Matter of Khalif M. (Malik M.) (2023 NY Slip Op 02066)

Matter of Khalif M. (Malik M.)

2023 NY Slip Op 02066

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Docket No. NN-15455/19, NN-15456/19 Appeal No. 72-72A Case No. 2021-04708 

[*1]In the Matter of Khalif M. and Another, Children Under Eighteen Years of Age, etc., Malik M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Steven P. Forbes, Huntington, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondent.

Order of disposition, Family Court, Bronx County (Ronna H. Gordon-Galchus, J.), entered on or about December 16, 2021, to the extent appealed from as limited by the briefs, bringing up for review a fact-finding order, same court and Justice, entered on or about December 1, 2021, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The evidence shows that the children's emotional and mental conditions were impaired or in imminent danger of being impaired by their exposure to repeated acts of domestic violence committed by the father against the mother (see Matter of Athena M. [Manuel M.T.], 190 AD3d 644, 644-645 [1st Dept 2021]. Impairment or imminent danger of impairment may be inferred by the fact that the incidents occurred either in the presence of or in close proximity to the children (Matter of Tyjaa E. [Kareem McC.], 157 AD3d 420, 420 [1st Dept 2018]; Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]), and that the children were aware of and emotionally impacted by the violence, as demonstrated by their crying during one of the incidents (see Matter of Jermaine K.R. [Jermaine R.], 176 AD3d 648, 649 [1st Dept 2019]). Furthermore, the court properly credited the mother's testimony in making its findings, and there is no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 778 [1975]; Matter of Madison H. [Demezz H.—Tabitha A.], 99 AD3d 475, 476 [1st Dept 2012]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDEROF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023