Matter of J.A.W. (Lance W.) (2023 NY Slip Op 02474)

Matter of J.A.W. (Lance W.)

2023 NY Slip Op 02474

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Docket No. NN34841-43/18 Appeal No. 214-214A Case No. 2021-01939 

[*1]In the Matter of J.A.W., and Others, Children Under Eighteen Years of Age, etc., Lance W. Respondent-Appellant, S. J. Respondent, Administration for Children's Services, Respondent-Respondent. 

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Popolow of counsel), for respondent.
Larry S. Bachner, New York, for J.A.W., attorney for the child.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), for J. K. and J. L. W., attorney for the children.

Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about May 17, 2021, to the extent it brings up for review an amended fact-finding order, same court and Justice, entered on or about May 20, 2021, which found that respondent father neglected the three subject children, unanimously affirmed, without costs. Appeal from amended fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence establishing that the father's acts of domestic violence posed an imminent danger to the children's physical, mental or emotional well-being (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]).
The court properly credited the testimony of the agency's protective specialist over the mother and father's inconsistent accounts of the incident in making its findings, and there is no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777-778 [1975]; Matter of Madison H. [Demezz H.—Tabitha A.], 99 AD3d 475, 476 [1st Dept 2012]). The protective specialist testified that the children disclosed seeing the father cause the mother to fall to the floor, then sit on the mother, breaking her leg, and the mother being taken from the apartment by ambulance. These out-of-court statements by the children cross-corroborated each other and, thus, were sufficient to support a neglect finding (see Matter of H. [Ronald H.], 193 AD3d 419, 419 [1st Dept 2021]).
The evidence also shows that the children's emotional and mental conditions were impaired or in imminent danger of being impaired by their exposure to an act of domestic violence committed by the father against the mother (see Matter of Athena M. [Manuel M.T.], 190 AD3d 644, 644-645 [1st Dept 2021]). Impairment or imminent danger of impairment may be inferred by the fact that the incident occurred either in the presence of or in close proximity to the children (see Matter of Esther N. [Onyebuchi N.], 206 AD3d 564, 565 [1st Dept 2022]; Matter of Mateo M.S.J. [Daniel M.A.], 184 AD3d 415, 416 [1st Dept 2020]) and that the children were aware of and emotionally impacted by the domestic violence they witnessed in the family's studio apartment, to the extent that one of them "completely shutdown" shortly after the incident (see Matter of Jermaine K.R. [Jermaine R.], 176 AD3d 648, 649 [1st Dept 2019]).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023