Matter of M.D. (Moustapha D.) (2023 NY Slip Op 03306)

Matter of M.D. (Moustapha D.)

2023 NY Slip Op 03306

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Docket No. NN-07192-8/21 Appeal No. 494 Case No. 2022-03425 

[*1]In the Matter of M.D., and Others, Children Under the Age of Eighteen Years Alleged to be Neglected by Moustapha D., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Steven P. Forbes, Huntington, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Robert D. Hettleman,
J.), entered on or about May 23, 2022, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about May 9, 2022, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The testimony of the nonrespondent mother and ACS caseworker at the fact-finding hearing demonstrates that in July 2021, the father neglected the subject children by throwing a chair at the mother, injuring her left arm, and chasing the mother, who was crying, through the family's apartment, in close proximity to the children, who were in their room (see Matter of Zelda McM. [Patrick L.-O. McM.], 154 AD3d 573, 573-574 [1st Dept 2017]). The father then pulled a power cord from the wall and attempted to whip the mother, instead striking one of the children on the forehead as he was leaving the children's room, leaving a red mark on the child's forehead (see Matter of J.R.M.- C. [Antonio M.], 176 AD3d 623, 624 [1st Dept 2019]; Matter of Mariya M. [Joseph M.], 147 AD3d 1062, 1063 [2d Dept 2017]).
Furthermore, the court properly credited the mother's testimony in making its findings, and there is no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 778 [1975]; Matter of Cerise M. [Michael M.], 177 AD3d 743, 745 [2d Dept 2019]). The children's out-of-court statements were corroborated by the mother's testimony as well as their own cross-corroborating statements (see Matter of Jakob Z. [Matthew Z.-Mare AA.], 156 AD3d 1170, 1172 [3d Dept 2017]; Matter of Zamir D. [Peter J.D.], 201 AD3d 403, 403 [1st Dept 2022]).
The father waived his challenge to the court's taking judicial notice of a prior 2014 neglect finding against him (see Matter of Jeffrey D., 41 AD3d 845, 846-847 [2d Dept 2007], lv denied 9 NY3d 818 [2008]; see also Matter of Stephauan P., 126 AD3d 639 [1st Dept 2015], lv denied 25 NY3d 912 [2015]). Were we to review this issue, we would find that the court properly took judicial notice of the prior neglect adjudication, which was based on his infliction of domestic violence against the mother in the children's presence (see Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 627 [2d Dept
2013]; Matter of Rodney W. v Josephine F., 126 AD3d 605 [1st Dept 2015], lv dismissed 25 NY3d 1187 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023