Matter of Y. H. (Mohamed H.) (2023 NY Slip Op 04819)

Matter of Y. H. (Mohamed H.)

2023 NY Slip Op 04819

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Docket No. NN-11211/20, NN-11212/20 Appeal No. 641-641A Case No. 2022-04069 

[*1]In the Matter of Y. H. and Another, Children Under Eighteen Years of Age, etc., Mohamed H., Respondent-Appellant. Administration for Children's Services, Petitioner-Respondent.

Bryan S. Greenberg, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Lynn M. Leopold, J.), entered on or about August 15, 2022, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 13, 2022, which, after a hearing, determined that respondent father neglected the subject children by committing acts of domestic violence, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Family Court's finding that respondent father neglected the subject children by committing acts of domestic violence against the mother in the presence of the subject children was supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). The mother testified that on or about November 24, 2020, the father pushed and choked her while they were in the family's apartment while in the presence of the subject children. According to the mother, she observed the older child crying and run to his bedroom. In an out-of-court statement, the older child stated that he observed the father hit the mother and that both children were present in the apartment at the time of the incident. The older child's out-of-court statement that the father hit the mother was supported by the mother's testimony (see Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623, 624 [1st Dept 2019]; Matter of Jamya C. [Jermaine F.], 165 AD3d 410, 410 [1st Dept 2018]). Further, both the mother's testimony and the older child's out-of-court statement that both subject children were in the apartment during the incident were also supported by the father's testimony.
The mother further testified about an incident that took place in Ohio where the father became violent with her after drinking alcohol, hit, pushed, and grabbed her, causing bruises. The court correctly found that this incident also placed the children, who were upstairs in the house while the incident occurred, at imminent risk of emotional or mental harm even absent evidence that they were aware of or emotionally impacted by it (Matter of Andru G. [Jasmine C.], 156 AD3d 456 [1st Dept 2017]).
Although the father argues that the Family Court erred in concluding that the mother's testimony was more credible than his, there is no reason to disturb the court's
evaluation of the evidence, including its credibility findings (see Matter of Heily A. [Flor F.-Gustavo A.], 165 AD3d 457, 457 [1st Dept 2018]).
We have considered the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023