Matter of A.A. (Carlos B.) (2024 NY Slip Op 05822)

Matter of A.A. (Carlos B.)

2024 NY Slip Op 05822

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Docket No. NN-03506-8/21 Appeal No. 3078 Case No. 2023-04509 

[*1]In the Matter of A.A., and Others, Children Under Eighteen Years of Age, etc., Carlos B. Respondent-Appellant, J.C.C., Respondent-Respondent, Administration for Children's Services, Petitioner-Respondent. 

Larry Bachner, New York, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for Administration for Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.

Order of fact-finding and disposition (one paper) of the Family Court, New York County (Maria Arias, J.), entered on or about August 28, 2023, which, after a fact-finding hearing, found that appellant Carlos B. neglected A.A., a child for whom he was legally responsible, and his children J.B. and R.Z.B., by committing acts of domestic violence against the children's mother in their presence, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's finding of neglect based on domestic violence against the children's mother (see Family Court Act §§ 1012[e][iii], 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3 [1985]). The mother testified that there was a history of escalating physical altercations between her and appellant, with the worst incident occurring in April 2020. On the day of that incident, appellant pushed the mother with enough force that she crashed into a sheetrock wall and fell heavily to the floor, landing hard on her right ankle and breaking three toes. The two younger children were present during the encounter, holding onto the mother's legs as she fell, and the older child witnessed the aftermath, after the mother had fallen. These circumstances are sufficient to support a neglect finding, as they established that the appellant's acts of domestic violence posed an imminent danger to the children's physical, mental, or emotional well-being (see Matter of G.B. [Gary B.], 227 AD3d 581, 582 [1st Dept 2024]; Matter of Athena M [Manuel M.T.]., 190 AD3d 644, 644-645 [1st Dept 2021]). We find no basis in the record to disturb the court's credibility determinations (see Matter of Heily A. [Flor F.—Gustavo A.] , 165 AD3d 457, 457 [1st Dept 2018]).
The mother's account of the events was corroborated by A.A.'s out-of-court statements to the caseworker about the incident (see Matter of Isaiah D. [Mark D.], 159 AD3d 534, 535 [1st Dept 2018]). Despite appellant's position otherwise, A.A.'s statements to the caseworker do not cast doubt on the mother's account, as there is no dispute that A.A. was in the room only during the aftermath of the incident but not during the incident itself. Furthermore, the father chose not to testify during the hearing, and the court properly credited the mother's version of events in making its findings (see Matter of Heily A., 165 AD3d at 457).
To the extent the order appealed could be interpreted as limiting parenting access time, any such effect was removed by the subsequent order in December 2023, which expanded access time. Thus, the appeal from that portion of the order is moot (see Matter of Moona C. [Charlotte K.], 107 AD3d 466, 466 [1st Dept 2013]). In any event, in light of the findings of neglect, the imposition of supervised virtual visitation was in the children's best interests (see Matter of Ni'Kia C. [Dominique J.], 118 AD3d 515, 516 [1st Dept 2014]).
Appellant's remaining arguments are unpreserved and we decline to review them in the interest of justice (see Matter [*2]of D.P., 227 AD3d 549, 549-550 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024