Matter of E. L. v Justin L. (2024 NY Slip Op 05892)

Matter of E. L. v Justin L.

2024 NY Slip Op 05892

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Docket No. NN-4311/22 Appeal No. 3117 Case No. 2023-06630 

[*1]In the Matter of E. L., A Child Under Eighteen Years of Age, etc., Administration for Children's Services, Petitioner-Respondent,
v
Justin L., Respondent-Appellant.

Steven P. Forbes, Huntington (Steven P. Forbes of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Josh Liebman of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Anna R. Lewis, J.), entered on or about November 13, 2023, which found, after a fact-finding hearing, that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence. The evidence established that the father, by committing domestic violence against the child's mother on May 31, 2022, posed an imminent danger to the then seven-month-old child's physical, mental or emotional well-being (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of J.A.W. [Lance W.], 216 AD3d 480, 481 [1st Dept 2023]). Although the father contends that Family Court erred in concluding that the mother's testimony was more credible than his, there exists no basis to disturb the court's evaluation of the evidence, including its credibility findings (see Matter of Y.H. [Mohamed H.], 219 AD3d 1247, 1248 [1st Dept 2023]; Matter of Ilene M., 19 AD3d 106, 106-107 [1st Dept 2005]).
Contrary to the father's contention, the evidence shows that the child's emotional and mental conditions were impaired or in imminent danger of being impaired by her exposure to the domestic violence he perpetrated against the mother. The mother's testimony establishes that the child was on her lap when the father punched the mother in the jaw, notwithstanding the absence of evidence that the child was aware of the incident or emotionally affected by it (see Matter of Athena M. [Manuel M.T.], 190 AD3d 644, 644 [1st Dept 2021]; Matter of Isabella S. [Robert T.], 154 AD3d 606, 607 [1st Dept 2017]).
The father's argument concerning petitioner's purported failure to have the maternal grandmother testify at the fact-finding hearing is unpreserved and unavailing. The father never sought a missing witness charge during the fact-finding hearing, and there is no evidence that the grandmother witnessed the incident (see Matter of Ethan M. [Miguel M.], 223 AD3d 471, 471-472 [1st Dept 2024]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024