Matter of J.A. (Jermaine M.) (2024 NY Slip Op 06114)

Matter of J.A. (Jermaine M.)

2024 NY Slip Op 06114

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. NN-01181-83/21 Appeal No. 3179-3179A Case No. 2024-00156 

[*1]In the Matter of J.A., and Others, Children Under the Age of Eighteen Years, etc., Jermaine M., Respondent-Appellant, Administration of Children's Services, Petitioner-Respondent.

Andrew J. Baer, New York, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.

Order of disposition, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about December 21, 2023, to the extent it brings up for review a fact-finding order, same court (Keith E. Brown, J.), entered on or about October 19, 2023, which found that respondent father neglected the three subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B], 1046[b][i]). The evidence established that the children's mental and emotional condition were impaired or in imminent danger of becoming impaired as a result of their exposure to the domestic violence committed by the father against the mother (see Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]). The fact that the domestic violence occurred in close proximity to the children, who were in the living room, permits an inference of impairment or imminent danger of impairment even in the absence of direct evidence that they were aware of it or emotionally affected by it (see Matter of Athena M. [Manuel M.T.], 190 AD3d 644, 644 [1st Dept 2021]; Matter of Isabella S. [Robert T.], 154 AD3d 606, 606-607 [1st Dept 2017]).
Contrary to the father's contention, the finding that he committed an act of domestic violence against the mother, including dragging her down the hall and then choking her and repeatedly slapping her in the face, is not against the weight of the evidence. Family Court was in the best position to observe and assess the demeanor of the witnesses and there is no basis to disturb its credibility determinations (see Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623, 624 [1st Dept 2019]; Matter of Jared S. [Monet S.], 78 AD3d 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]), including its finding that the father's testimony that the mother banged her own head against the wall was incredible. The inconsistencies in the mother's testimony as to whether the father dragged her back to her apartment by her T-shirt or ankle were peripheral and did not render her testimony unworthy of belief as to the dispositive issues (see Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]). Furthermore, the court did not err in crediting the caseworker's testimony as her inability to recall the exact date she was assigned to the family or describe the bruises she saw on the mother's neck
the day after the incident were minor and similarly peripheral (see Matter of Kylani R. [Kyreem B.], 93 AD3d 556, 557 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024