■ In the Matter of AUTUMN P., an Infant. BRANDY P., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [994 NYS2d 104]—

Order of fact-finding, Family Court, New York County (Susan K. Knipps, J.), entered on or about July 30, 2013, which, following a hearing, determined that respondent father derivatively neglected the subject child, unanimously affirmed, without costs.

A preponderance of the evidence supports the finding of derivative neglect. Although respondent completed batterers' services pursuant to an order of disposition issued in 2010, after a finding that he neglected the subject child's older sister by committing an act of domestic violence against the mother in the presence of that child, the record supports the findings that in January and March 2012, respondent committed additional acts of domestic violence against the mother of his children, including an incident that resulted in respondent pleading guilty to a charge of menacing. Based on these incidents of domestic

violence, the record supports the finding that respondent suffers from an impaired level of parental judgment sufficient to create a substantial risk of harm to any child in his care (*see Matter of Nia J. [Janet Jordan P.]*, 107 AD3d 566, 567 [1st Dept 2013]). That the subject child was not present when respondent abused the mother does not preclude a finding of derivative neglect (*see Matter of Joseph P. [Cindy H.]*, 112 AD3d 553, 553-554 [1st Dept 2013]).

Contrary to respondent's argument, neither res judicata nor collateral estoppel precludes litigation of the allegations of derivative neglect in the subject petition. Although a prior petition against respondent alleging derivative neglect of the subject child was dismissed, that petition was filed in December 2011, prior to the incidents of domestic violence and the guilty plea noted above. Thus, they were not included in that petition and were not previously litigated (*see Matter of Stephiana UU.*, 66 AD3d 1160 [3d Dept 2009]; *Matter of Mercedes R.*, 300 AD2d 664 [2d Dept 2002]). Although respondent asserts that the agency should have amended the prior petition to include the subsequent incidents, it was not required to do so. Concur—Gonzalez, P.J., Saxe, DeGrasse, Richter and Clark, JJ.