Matter of Raymond F. (Sabrina D.F.) (2023 NY Slip Op 00028)

Matter of Raymond F. (Sabrina D.F.)

2023 NY Slip Op 00028

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Docket No. N-18946/14 Appeal No. 17021-17021A Case No. 2021-04253 

[*1]In the Matter of Raymond F., A Child Under Eighteen Years of Age, etc., Sabrina D.F., Also Known as Sabrina W., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for Sabrina D.F., appellant.
Steven N. Feinman, White Plains, for Robert F., appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Ashley B. Black, J.), entered on or about October 18, 2021, to the extent it brings up for a review a fact-finding order, same court (Gilbert A. Taylor, J.), entered on or about February 3, 2020, which found that respondent father neglected the subject child, and that respondent mother derivatively neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Family Court's finding that the mother derivatively neglected the child was supported by a preponderance of the evidence showing that she neglected the child's older siblings (see Family Ct Act §§ 1012 [f]; 1046 [a][i]; [b]; Matter of Samiyah H. [Sammie H.], 187 AD3d 540, 540 [1st Dept 2020]). The prior findings of neglect against the mother with respect to two of her older children, issued over the period between July 2002 and July 2013, support a finding that because of her untreated mental health issues, she was unable to properly care for any child (see Matter of Cheron B. [Vanessa G.], 157 AD3d 618, 618 [1st Dept 2018]; Matter of Phoenix J. [Kodee J.], 129 AD3d 603, 603-604 [1st Dept 2015]). Further, the conduct underlying the findings of neglect, the most recent of which was entered against the mother about one year before this petition was filed against her, is close enough in time to support the conclusion that her parental judgment remained impaired (see Matter of Camarrie B. [Maria R.], 107 AD3d 409, 409 [1st Dept 2013]). Family Court also properly drew a negative inference against the mother on the issue because she did not testify at the fact-finding hearing (see Matter of Darren HH. [Amber HH.], 68 AD3d 1197, 1198 [1st Dept 2009], lv denied 14 NY3d 703 [2010]).
Likewise, the finding of neglect against the father was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The expert testimony and the progress notes demonstrate a substantial probability that the child was at imminent risk of neglect because the father was incapable of providing him with the minimum degree of care needed to accommodate his upbringing (see Matter of Eugene G., 76 AD2d 781, 782 [1st Dept 1980], lv dismissed 51 NY2d 878 [1980]). The progress notes also lend further support to the Family Court's neglect finding against the father because they show that when caseworkers visited his home, it was in a filthy and unsanitary condition that never improved over time (see Matter of Cerenity F. [Jennifer W.], 160 AD3d 540, 541 [1st Dept 2018]).
The father also did not testify at the fact-finding hearing, and Family Court was entitled to draw the strongest negative inference against him as the opposing evidence would allow and conclude that he failed to benefit from the services he completed (see Matter of Joseph MM. [Clifford MM.], 91 AD3d 1077, 1079 [3d Dept 2012], lv denied 18 NY3d 809 [2012[*2]]).
Family Court properly credited the opinion of petitioner's expert witness over that of the father's expert, and that determination is entitled to great weight on appeal (see Matter of Ashanti A., 56 AD3d 373, 373 [1st Dept 2008]). At any rate, the testimony by the father's expert amply support the court's determination, as the expert testified that she did not consider the case progress notes; those notes show that the father missed a majority of his scheduled visits with the child's older brother and did not take advantage of the services being offered to him despite the order of disposition directing him to comply with supervision and visit the older brother (see Matter of Skylean A.P. [Jeremiah S.], 136 AD3d 515, 515 [1st Dept 2016], lv denied 27 NY3d 907 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023