Matter of B. C. (Bernadette C.) (2023 NY Slip Op 02173)

Matter of B. C. (Bernadette C.)

2023 NY Slip Op 02173

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

Docket No. N2615/21 Appeal No. 130-130A Case No. 2022-00150 

[*1]In the Matter of B. C., A Child Under Eighteen Years of Age, etc., Bernadette C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Andrew J. Baer, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), Attorney for the child.

Order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about December 17, 2021, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about December 2, 2021, which found that respondent mother derivatively neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Petitioner agency made a prima facie showing that respondent derivatively neglected the subject child by demonstrating by a preponderance of the evidence that respondent failed to resolve the issues that resulted in the prior findings of neglect, derivative neglect, permanent neglect and abandonment as to the child's siblings (see Matter of Phoenix J. [Kodee J.], 129 AD3d 603, 603 [1st Dept 2015]). There are three orders finding that respondent neglected four of the child's siblings, one order finding that she derivatively neglected another sibling, and three orders terminating her parental rights and freeing three siblings for adoption for failing to complete her services before the instant petition was filed against her. This established by a preponderance of the evidence that respondent still suffered from such an impaired level of parental judgment as to create a substantial risk of harm for any child in her custody (see Matter of Nayomi M. [Paul R.], 147 AD3d 413, 414 [1st Dept 2017]; Matter of Vincent M., 193 AD2d 398, 404 [1st Dept 1993]). That the last finding that respondent abandoned one of the child's siblings was entered approximately four years before the instant petition was filed does not in itself show that the prior findings are too remote in time to support a finding of derivative neglect as to the child in these circumstances (see Matter of Myracle N.P. [Tyree L.B.], 172 AD3d 479, 480 [1st Dept 2019]; Matter of Jamil S. [Shaaniel T.], 156 AD3d 585, 585-586 [1st Dept 2017]).
Furthermore, the evidence presented at the fact-finding hearing establishes that five of the six prior orders regarding the child's siblings were entered upon respondent's default in appearance, and one order was entered on consent without admission. The unrefuted testimony of petitioner's specialist investigator showed that after the child was placed in petitioner's care four days after the child's birth, respondent failed to appear for a child safety conference and for another meeting with petitioner, and then told the agency's investigator not to contact her when he tried to follow up. Given respondent's failure to testify, Family Court was entitled to draw the strongest negative inference against her as the opposing evidence would allow (see Matter of Raymond F. [Sabrina D.F.], 212 AD3d 406, 406-407 [1st Dept 2023]; Matter of Zelda McM. [Patrick L.-O. McM.], 154 AD3d 573, 574 [1st Dept 2017]). Thus, the court properly concluded that the circumstances leading to the removal of the child's [*2]siblings remained unchanged (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79-80 [1995]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023