Matter of Ymani C. D. (Peter J. D.--Kendra D. M.) (2023 NY Slip Op 03402)

Matter of Ymani C. D. (Peter J. D.--Kendra D. M.)

2023 NY Slip Op 03402

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Docket No. N32908/18 Appeal No. 510 Case No. 2020-04954 

[*1]In the Matter of Ymani C. D., A Child Under Eighteen Years of Age, etc., Peter J. D., Respondent-Appellant, Kendra D. M., Respondent, Administration for Children's Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Janet Neusteatter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the child.

Order of fact-finding, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about December 5, 2019, which, after a hearing, determined that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding of neglect was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B], 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3 [1985]). There is no basis to disturb the court's credibility determinations (see Matter of Jared S. [Monet S.], 78 AD3d 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]). The mother's testimony and the agency's progress notes showed that the father engaged in a physical altercation with the mother while in the presence of the child, who was aware of what was transpiring (see Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623, 624 [1st Dept 2019]; Matter of Jamya C. [Jermaine F.], 165 AD3d 410, 410 [1st Dept 2018]). The child's out-of-court statements that she saw her parents fighting, and that the parents were fighting over her, were corroborated by the progress notes and the testimonial evidence (Matter of Zamir D. [Peter J.D.], 201 AD3d 403, 403 [1st Dept 2022]).
Contrary to the father's contention, the record supports a finding that the child's emotional and mental condition was either impaired or certainly in imminent danger of being impaired by her witnessing her parents engage in the physical altercation. The mother testified that the child was crying during the altercation, and the progress notes reflect that the caseworker had to calm the child down each time she tried to discuss the incident with the child (see Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 567 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023