Matter of N.C.M. (Christian A.) (2025 NY Slip Op 03527)

Matter of N.C.M. (Christian A.)

2025 NY Slip Op 03527

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Moulton, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Docket No. N-5470-2/21|Appeal No. 4563|Case No. 2024-02868|

[*1]In the Matter of N.C.M. and Others, Children Under Eighteen Years Alleged to be Neglected. Christian A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Daniel X. Robinson, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Andrew T. Ford of counsel), attorney for the children.

Order of fact-finding, Family Court, New York County (Maria Arias, J.), entered on or about April 10, 2024, which, after a hearing, determined that respondent neglected the subject children, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The mother credibly testified that the respondent broke the lock to her apartment and proceeded to assault her while two of the children were in an adjacent room. Her account has ample support in the record both from the caseworker's regarding her observation of the broken lock in the mother's apartment, and the interview she conducted of the middle child. The out-of-court statements of the middle child that the respondent broke into the home, and struck the mother with an open hand was corroborated by the testimonial evidence of both the mother and the caseworker (see Matter of Ymani C.D. [Peter J.D.], 217 AD3d 562, 563 [1st Dept 2023]; Matter of Jamya C. [Jermaine F.], 165 AD3d 410, 410 [1st Dept 2018]) and thus properly considered. The fact that the domestic violence occurred in close proximity to the two younger children permits an inference of impairment or imminent danger of impairment, even in the absence of evidence that the children were aware of it or emotionally affected by it (see Matter of J.A. [Jermaine M.], 233 AD3d 428, 428 [1st Dept 2024]; Matter of Athena M. [Manuel M.T.], 190 AD3d 644, 644 [1st Dept 2021]). There is no basis for disturbing the court's credibility determination (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Elijah C., 49 AD3d 340 [1st Dept 2008]). Because respondent did not testify, Family Court was entitled to draw the strongest negative inference against him as the opposing evidence would allow (see Matter of B.C. [Bernadette C.], 215 AD3d 584, 585 [1st Dept 2023]).
A preponderance of the evidence also supports the finding that respondent derivatively neglected the oldest child, though not at home at the time of the incident (see Matter of Iscela G. [Lorenzo T.], 193 AD3d 521, 522 [1st Dept 2021]; Matter of Autumn P. [Brandy P.], 121 AD3d 454, 455 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025