**Ashrapov v 646 11th Owner LLC**

2026 NY Slip Op 31043(U)

March 16, 2026

Supreme Court, Kings County

Docket Number: Index No. 512674/2021

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 16th day of March 2026.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

======================================================

AGZAMKHON ASHRAPOV,

          *Plaintiff,*

    -against-

646 11TH OWNER LLC and CM AND ASSOCIATES
CONSTRUCTION MANAGEMENT LIMITED
LIABILITY COMPANY, AND ALUBON, LTD,

          *Defendants.*

646 11TH OWNER LLC and CM AND ASSOCIATES
CONSTRUCTION MANAGEMENT LIMITED LIABILITY
COMPANY,

          *Third-Party Plaintiffs,*

    -against-

ALUBON, LTD AND V.P. ALTITUDE CORP.,

          *Third-Party Defendant.*

======================================================

646 11TH OWNER LLC and CM AND ASSOCIATES
CONSTRUCTION MANAGEMENT LIMITED LIABILITY
COMPANY,

          *Second Third-Party Plaintiffs,*

    -against-

PPA HOLDING CORP.,

          *Second Third-Party Defendant.*

======================================================

**DECISION & ORDER**

Index No.:    512674/2021

Motion Seq.:  9, 10, 11 & 12

Return Date:  10/30/2025

[* 1]

===================================================

ALUBON, LTD,

*Third Third-Party Plaintiff,*

-against-

PPA HOLDING CORP. AND V.P. ALTITUDE CORP.,

*Third Third-Party Defendants.*

===================================================

*Recitation of the following papers as required by CPLR 2219 (a):*

|     |     | **NYSCEF Papers Numbered** |
|-----|-----|-----|
| 009 | 646 and CM's Notice of Motion & Supporting Documents | 223-251 |
|     | Affirmations in Opposition and Supporting Documents | 298-314 |
|     | Reply Affirmations | 331 & 332 |
|     |     |     |
| 010 | Plaintiff's Notice of Motion & Supporting Documents | 252-266 |
|     | Affirmations in Opposition & Supporting Documents | 307 & 312 |
|     | Reply Affirmations | 333-334 |
|     |     |     |
| 011 | Alubon's Notice of Motion & Supporting Documents | 269-283 |
|     | Affirmations in Opposition & Supporting Documents | 308-310, 315-316 |
|     | Reply Affirmation and Supporting Document | 329-330 |
|     |     |     |
| 012 | Notice of Motion & Supporting Documents | 285-290 |
|     | Affirmations in Opposition & Supporting Documents | 304-305, 313 |
|     | Reply Affirmations | 325 & 327 |

*Upon the foregoing papers, the decision and order of the Court is as follows:*

Plaintiff, AGZAMKHON ASHRAPOV ("plaintiff"), commenced this action to recover damages for personal injuries sustained while present on a construction site owned by 646 11th OWNER LLC ("646"). All parties have now moved for summary judgment on the issues of liability and indemnification.

[* 2]

## INTRODUCTION

a) **Motion Sequence #9 – Owner/General Contractor's Motion for Summary Judgment on Liability and Indemnification**

646 11TH OWNER LLC ("646"), the owner, and CM AND ASSOCIATES CONSTRUCTION MANAGEMENT LIMITED LIABILITY COMPANY ("CMA"), the general contractor (MS #9), seek summary judgement dismissing plaintiff's Labor Law § 200, § 240 [1], and common-law negligence claims and all counterclaims. They have not moved for summary judgment on plaintiff's Labor Law § 241 [6] cause of action. The owner and general contractor also seek summary judgment on their contractual indemnification claims against ALUBON, LTD ("Alubon"), a subcontractor and/or PPA HOLDING CORP. ("PPA") and/or V.P. ALTITUDE CORP ("VP"), sub-subcontractors.

b) **Motion Sequences #11 and #12 (Subcontractors) - Indemnification**

Defendant/Third-Party Defendant/Third-Party Plaintiff Alubon seeks summary judgment dismissing plaintiff's complaint and awarding it summary judgment on its claims against Third-Party Defendants PPA and VP for common-law indemnification, contribution, contractual indemnification, and breach of contract.

c) **Motion Sequence #10 – Plaintiff's Motion for Summary Judgment**

Plaintiff seeks summary judgment against 646, CMA, and Alubon on his Labor Law §§ 240 [1] and 241 [6] causes of action.

## FACTS

a) **Plaintiff's Accident**

The owner, 646, hired CMA, the general contractor, for a "ground-up" construction project at 547 West 47th Street in New York, New York. CMA subcontracted with third-party defendant, Alubon, to fabricate and install windows and doors. Alubon sub-subcontracted the

[* 3]

installation work to third-party defendant, PPA, who sub-subcontracted with plaintiff's employer, VP, to install windows and glass railings at the jobsite.

Plaintiff had been working at the jobsite for two weeks prior to the accident. On April 13, 2021, plaintiff's foreman, Farruh Holmatov ("Farruh"), directed him to work on the roof, installing windows. After plaintiff finished his work on the roof, he was instructed to go to the ground floor to obtain glue for the following day's work. On the landing of an interior permanent staircase between the first and second floors, plaintiff asserts that he slipped on a substance that caused him to fall forward and trip over a spool of wire. While in a forward motion, he contends that he flipped over the handrail, falling to the ground floor. Plaintiff asserts that he never saw the slippery substance before the accident, but he did see the spool. After he fell, an unknown individual came to plaintiff's assistance and told him not to move. Plaintiff did not know which company employed this individual or whether this individual called the ambulance. When Farruh arrived at the scene, Farruh also advised plaintiff not to move, and that an ambulance would be coming for him. Plaintiff testified that he did not tell Farruh how the accident happened or complete an accident report at any time following the accident.

Defendants 646 and CMA dispute plaintiff's version of events relying on Farruh's testimony. They also contend that the plaintiff made an admission, that he jumped over the railing. Farruh testified that he became aware of plaintiff's accident when "Mike" (Michael Peranio) of CMA called him and requested that Farruh go to the first floor. Upon arrival, Farruh observed plaintiff on the floor screaming and holding his neck. When Mike arrived at the scene, he requested that Farruh act as an interpreter and ask plaintiff what happened because plaintiff only spoke Russian. Farruh testified that plaintiff barely spoke to him, but stated that "*he fell on a staircase, on the railing, from the railing.*" In support of their position, CMA and 646 submit

[* 4]

the CMA Supervisor's Accident Investigation Form ("Form") and Witness Statement prepared and signed by Mike (NYSCEF 251). Within these documents, Mike attributes a statement to an unknown electrician or worker who stated that plaintiff "jumped over the railing instead of using the stairs while leaving work." The Form and Witness Statement, as submitted, consists of three pages. Although Farruh testified that plaintiff did not tell him "why" he fell, Farruh likewise disputes plaintiff's version of the accident (NYSCEF 244 at pp. 47-50).[1] Farruh testified that in his opinion, "it is impossible to fall like that from there." (*id.* at pp.63-62).

**b)** **The Contracts, Subcontracts and Sub-Subcontracts**

The indemnification provision in the AIA Standard Form of Agreement between the Owner and General Contractor states:

> § 4.6.1 To the fullest extent permitted by law, the Subcontractor shall defend, indemnify and hold harmless the Owner…Contractor…agents and employees ("Indemnified Parties") *from and against claims, damages, losses and expenses,* including but not limited to attorney's fees, *arising out of or resulting from (i) performance of the Subcontractor's Work under this Subcontract; (ii) any breach of this Subcontract…including, without limitation, such claim, damage, loss or expense attributable to bodily injury...Nothing in this Section 4.6 shall require any indemnification that would make the provisions of this Section void or unenforceable.* (*italics added*).

The contract between PPA and Alubon also includes an indemnification provision wherein PPA agrees to defend, indemnify, and hold harmless Alubon and others relating or arising from the performance of the "Trade Work." This indemnification provision specifies:

> To the extent permitted by law, the Subcontractor shall, at its own expense, indemnify, hold harmless and defend (if requested) Alubon…*and all others for whom Alubon may be responsible, including without limitation the parties indemnified under the Prime Contract (collectively, the Indemnitees), from (a) all liability and costs, including, without limitation, all claims or causes of action, lawsuits, damages, losses, judgments, liens, expenses and counsel fees, resulting from any claim, including for injury…whether or not meritorious, relating to, or arising from, the performance of the Trade Work and/or any act or omission of the Subcontractor under this Subcontract…In jurisdictions in which the*

---

[1] The page number refers to the NYSCEF page number, not the transcript page number.

[* 5]

indemnification provided for in this Subcontract is broader than that allowed by applicable law, *the indemnification provisions shall be interpreted as providing the broadest indemnification permitted and should be limited only to the extent necessary to comply with that law. (italics added*).

VP was not a party to the contract between PPA and Alubon. PPA and VP entered into a General Services Agreement. VP, as an independent contractor, agreed to provide PPA with "manpower" and other services as agreed upon between them. The indemnification provision in the General Services Agreement states that "*Except to the extent paid in settlement from any applicable insurance policies . . . each Party agrees to indemnify and hold harmless the other Party . . . against any and all claims . . . which result from or arise out of any act or omission of the indemnifying party.*" The agreement does not contain a provision wherein VP expressly opts out of the protection afforded to it under Worker Compensation Law 11 or agrees to indemnify any entity other than PPA.

## DISCUSSION

Summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]). "A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital,* 68 NY2d 324). "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v Prospect Hospital*, 68 NY2d 324). "However, a failure to demonstrate a *prima facie* entitlement to a summary judgment motion requires a denial of the motion regardless of the adequacy of the opposing papers" (*Ayotte v Gervasio*, 81 NY2d 1063, *citing Alvarez v Prospect Hospital,* 68 NY2d 324).

[* 6]

The Court's only role upon a motion for summary judgment is to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.,* 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (*see Xiang Fu He v Troon Management, Inc.,* 34 NY3d 167, 175 [2019] [internal citations omitted]). The Court must view the evidence in the light most favorable to the nonmoving party, affording them the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The plaintiff's credibility must be determined by a jury if there are discrepancies between their pleadings and deposition testimony (*Hine v Jafa Transportation, Inc.,* 97 AD3d 794, 795 [2d Dept 2012]) or the accident is unwitnessed (*Woszczyna v BJW Assoc*, 31 AD3d 754, 755 [2d Dept 2006]).

While the general rule is that a party opposing the motion must make a showing of evidentiary proof in admissible form, under certain circumstances, "courts have recognized that proof which might be inadmissible at trial may, nevertheless, be considered in opposition to a motion for summary judgment" (*Carden v City of New York,* 82 AD3d 818, 819 [2d Dept 2011], *citing Guzman v Strab Construction Corp.,* 228 AD2d 645, 646 [2d Dept 1996]). "Rules of evidence should be guardedly and cautiously applied on an application for summary judgment, particularly where there are many exceptions to general rules and where the application of a rule of evidence or the exceptions thereto can best be determined upon evidence offered at a trial" (*Phillips v Joseph Kantor & Co.,* 31 NY2d 307, 311-312 [1972]).

### LABOR LAW §§ 200, 241 [6] AND COMMON LAW NEGLIGENCE

a) **Labor Law § 200 and Common Law Negligence**

Labor Law § 200 is a codification of the common law duty imposed upon an owner, general contractor, and their agents to provide construction site workers with a reasonably safe

place to work (*Comes v New York State Elec. & Gas Corp*., 82 NY2d 876 [1993]; *Banscher v Actus Lend Lease, LLC*, 132 AD3d 707 [2d Dept 2015]). Labor Law § 200 applies to owners, contractors, and their agents (*Romang v Welsbach Elec. Corp*., 47 AD3d 789 [2d Dept 2008]).

There are two broad categories of actions that implicate the provisions of Labor Law § 200: those arising from an alleged defect or dangerous condition existing on the premises, and those arising from the means and methods in the performance of the work (*Reyes v Arco Wentworth Mgt. Corp*., 83 AD3d 47 [2d Dept 2011]). A defendant who is not an owner or general contractor or their agent, may not be held liable to a plaintiff under Labor Law § 200. Such a defendant is liable to plaintiff only under common law negligence if their work created the condition that caused plaintiff's injury, and they failed to remedy the condition despite actual or constructive notice of its existence (*Delaluz v Walsh,* 228 AD3d 619, 621-622 [2d Dept 2024]).

The motion for summary judgment by 646 and CMA dismissing plaintiff's Labor Law § 200 and common-law negligence claims is granted as to the owner, 646, but denied as to the general contractor, CMA. There is no evidence in the record that the owner had anything more than general supervisory authority for the purpose of overseeing progress and inspecting the work-product (*Ortega v Puccia*, 57 AD3d 54 [2d Dept 2008]). Therefore, plaintiff failed to demonstrate that the owner had actual or constructive notice of the alleged slippery condition or the existence of the spool of wire.

However, the record establishes that CMA's employees were responsible for performing clean-up work at the job site (*Cavedo v Flushing Commons Property Owner, LLC,* 217 AD3d 561, 562 [1st Dept 2023] [Plaintiff's evidence raised triable issues as to whether the general contractor's laborers had adequately cleaned the debris from plaintiff's work area]). Consequently, a question of fact exists as to whether CMA had actual or constructive notice of

either the alleged slippery substance on the steps and the existence of the spool of wire. Therefore, CMA's motion seeking summary judgement is denied as to the Labor Law § 200, § 240 [1], and common-law negligence claims and all counterclaims.

The motion for summary judgment by Alubon is granted as to the Labor Law § 200 claim, as they were not the owner, the general contractor, or their agent (*Delaluz v Walsh,* 228 AD3d 621-622). It is also granted as to the common law negligence cause of action because there is no evidence that Alubon created either condition: the slippery substance or placement of the spool of wire, or that Alubon was responsible for cleaning up the worksite.

**b) Labor Law § 240 [1]**

It is well settled that Labor Law § 240 [1] "imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks" who engage in activities covered by the statute and "suffered an injury as a direct consequence of a failure to provide adequate protection" against such risks (*Soto v J. Crew, Inc.,* 21 NY3d 562, 566 [2013] [internal citations omitted]). "[T]he extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity" (*Gomez v Tilden Estates*, 241 AD3d 791, 793 [2d Dept 2025] [internal quotations omitted]). "[T]he statute was designed to prevent accidents in which a protective device "proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*"" (*id.* at 793).

In opposition to 646 and CMA's motion for summary judgment, plaintiff argues that the landing of the staircase that he fell from was not adequately protected with a safety device to prevent his fall to the floor below, relying on *Poulin v Ultimate Homes, Inc.*, 166 AD3d 667 [2d

[* 9]

Dept 2018] for the proposition that a stairway railing can constitute a "safety device" within the meaning of Labor Law § 240 [1]. However, this reliance is misplaced. In *Poulin,* summary judgment in favor of defendants was reversed where a drywall installer fell through the opening of an unfinished stairwell after the railing was removed to enable the installer to access the area to perform the work. Therefore, once the railing was removed, safety devices were necessary in the event a worker fell from the staircase landing. Here, the permanent finished staircase and railing were intact as demonstrated in the photographs taken immediately after plaintiff's accident (NYSCEF 250). Therefore, plaintiff's accident was tangentially related to the effects of gravity and not one contemplated by the statute (*Gomez v Tilden Estates*, 241 AD3d 793).

Accordingly, the motion for summary judgment by 646 and CMA dismissing the Labor Law § 240 [1] cause of action is granted (MS #9) and plaintiff's motion for partial summary judgment is denied (MS #10).

Again, as Alubon was not the owner or general contractor or agent (*Delaluz v Walsh,* 228 AD3d 621-622), its motion for summary judgment dismissing the Labor Law § 240 [1] cause of action against it is granted (MS #11).

c) **Labor Law § 241 [6]**

The plain language of Labor Law § 241 [6] "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in [ ] all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 348-350 [1998]). This absolute liability is imposed on an owner and general contractor for the negligence of a subcontractor, even in the absence of control or supervision of the worksite (*id.*). Therefore, an owner and general contractor can be vicariously liable for the negligent acts of others when someone in the

[* 10]

chain of responsible employees at the project created or had actual or constructive notice of the alleged hazardous condition that proximately caused plaintiff's injuries (*Cavedo v Flushing Commons Property Owner, LLC,* 217 AD3d 562).

Plaintiff failed to demonstrate the length of time the slippery substance or the spool of wire existed at the accident site or when the location was last cleaned or inspected by CMA and free of hazardous conditions. Therefore, he failed to establish liability to warrant summary judgment under 22 NYCRR § 23-1.7 [d], 22 NYCRR § 23-1.7 [e], and 22 NYCRR § 23-2.1 [a] [1] (*Korostynskyy v 416 Kings Highway, LLC*, 136 AD3d 758). A question of fact remains as to the issues of notice and proximate cause for the jury to determine whether a slipping hazard existed on the landing, and if so, whether it launched, as plaintiff claims, a chain reaction that ultimately left him severely injured after falling one story over a handrail onto a concrete floor.[2]

Based on the denial of this branch of plaintiff's motion, the issue of whether plaintiff fell or jumped over the railing is rendered academic at this time and remains a question of fact for the jury. It is noted that the admissibility of the Form and Witness Statement and the statements by unknown declarant(s) therein are reserved for the trial court. At this juncture, the Court cannot consider these documents because defendants failed to establish the trustworthiness of each participant in the chain producing them, from the initial declarant [the alleged electrician] to the final entrant [Mike] (*Hochhauswer v Electric Ins. Co.,* 46 AD3d 174, 179-180 [2d Dept 2007], *citing Matter of Leon RR,* 48 NY2d 117, 122 [1979]). Moreover, this report was not properly authenticated during the deposition of CMA's witness, Robert Barry, as confirmed by Farruh's testimony. When confronted with the Form during his deposition, Farruh testified that he

---

[2] *See* Plaintiff's Affirmation in Support at p. 6.

[* 11]

recognized it, but that the copy he reviewed in the days following the accident consisted of seven pages, not three (NYSCEF 241, pp. 59-60).

Accordingly, plaintiff's motion for summary on the issue of liability on his Labor Law § 241 [6] claim is denied (MS #10) and Alubon's motion for summary judgment under Labor Law § 241 [6] is granted because Alubon was not the owner, the general contractor, and/or the agent.

## **INDEMNIFICATION**

Concerning contractual indemnification, the "right to contractual indemnification depends upon the specific language of the contract" (*Kielty v AJS Constr. Of L.I., Inc.*, 83 AD3d 1004 [2d Dept 2001]). The "promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Bleich v Metropolitian Mgt., LLC*, 132 AD3d 933 [2d Dept 2015]).

**a) VP's Motion to Dismiss the Third Third-Party Complaint and all Crossclaims**

Where a "plaintiff has not sustained a 'grave injury,'[3] section 11 of the Workers' Compensation Law bars third-party actions against employers for indemnification or contribution unless the third-party action is for indemnification pursuant to a written contract in which the employer *'expressly agreed'* to indemnify the claimant. Requiring the indemnification contract to be clear furthers the spirit of the legislation" (*Tonking v Port Authority of New York & New Jersey,* 3 NY3d 486, 490 [2004] [italics added]).

Therefore, VP is immune from indemnification as plaintiff has not sustained a grave injury as defined by Workers' Compensation Law § 11 and there is no evidence that VP

---

[3] A grave injury is defined as a permanent total disability under section 11, *i.e.,* an injury that results in (1) the unemployability in any capacity, which keeps with legislative intent and sets a more objectively ascertainable test than equivalent, or competitive, employment and/or (2) can participate in activities of daily living (*see Rubeis v Aqua Club Inc.,* 3 NY3d 408, 417 [2004]). Here, plaintiff has made no such claims.

[* 12]

expressly contracted to waive this immunity. Importantly, VP was only contractually obligated to indemnify PPA according to the plain wording of the indemnification provision in the services agreement between them. Accordingly, VP's motion to dismiss all claims for indemnification and contribution against it is granted. Based on the foregoing, Alubon's motion for indemnification and contribution against VP is denied.

    b) <u>**PPA's and Alubon's Motions to Dismiss All Claims for Indemnification and Contribution**</u>

Both motions are granted. 646 and CMA failed to establish that the conditions alleged by plaintiff to have caused his accident were created by either PPA or Alubon in the performance of their respective subcontracts. Therefore, Alubon's motion for summary judgment against PPA for indemnification and contribution is also denied. Per the indemnification agreement, Alubon was only entitled to indemnification if plaintiff's injury arose from the performance of PPA's work or any act or omission under the subcontract.

Pursuant to CPLR § 3212 (b), Alubon is also entitled to dismissal of the third-party complaint against it.

All requests for relief not specifically addressed are denied as moot or without merit. The parties must re-electronically file all motions and exhibits separately for any motion for an order per CPLR § 2221. The parties may not refer to the document numbers in the underlying motions or attach the underlying motion and exhibits as one document. The affirmations and memorandums of law must have hyperlinks to the newly e-filed documents. The failure to comply with these directives will result in a denial of the motion without oral argument.

## ORDERS

Accordingly, it is hereby

**Motion Sequence #9**

ORDERED that the motion for summary judgment by 646 11TH OWNER LLC dismissing plaintiff's Labor Law §§ 200 and common-law negligence claims, is GRANTED, and it is further

ORDERED that the motion for summary judgment by CM AND ASSOCIATES CONSTRUCTION MANAGEMENT LIMITED LIABILITY COMPANY, dismissing plaintiff's Labor Law §§ 200 and common-law negligence claims, is DENIED, and it is further

ORDERED that the motion for summary judgment by 646 11TH OWNER LLC and CM AND ASSOCIATES CONSTRUCTION MANAGEMENT LIMITED LIABILITY COMPANY dismissing plaintiff's Labor Law § 240 [1] cause of action, is GRANTED, and it is further

ORDERED that the motion for summary judgment by 646 11TH OWNER LLC and CM AND ASSOCIATES CONSTRUCTION MANAGEMENT LIMITED LIABILITY COMPANY, on their cause of action seeking contractual indemnification from Defendant/Third-Party Defendant/Third Third-Party Plaintiff ALUBON, LTD. and/or Third-Party Defendant/Second Third-Party Defendant/Third Third-Party Defendants PPA HOLDING CORP. and/or V.P. ALTITUDE CORP., is DENIED, and it is further

**Motion Sequence #10**

ORDERED that the motion for summary judgment by plaintiff against 646 11TH OWNER LLC and CM AND ASSOCIATES CONSTRUCTION MANAGEMENT LIMITED LIABILITY COMPANY, on the Labor Law § 240 [1] cause of action, is DENIED, and it is further

[* 14]

ORDERED that the motion for summary judgment by plaintiff for summary judgment against defendant ALUBON, LTD. on the Labor Law §§ 240 [1] and 241 [6] causes of action is DENIED, and it is further

**Motion Sequence #11**

ORDERED that the motion for summary judgment by defendant ALUBON, LTD. dismissing plaintiff's complaint in its entirety is GRANTED, and it is further

ORDERED that per CPLR § 3212 (b), the third-party complaint against ALUBON, LTD. is DISMISSED, and it is further

ORDERED that the motion for summary judgment by defendant ALUBON, LTD. on its crossclaims and third third-party complaint against PPA HOLDING CORP. and/or V.P. ALTITUDE CORP for common-law indemnification, contribution, contractual indemnification, and breach of contract, is DENIED; and it is further

**Motion Sequence #12**

ORDERED that the motion for summary judgment by PPA HOLDING CORP. and/or V.P. ALTITUDE CORP dismissing the third-party complaint, second third-party complaint, third third-party complaint, and all crossclaims and counterclaims is GRANTED, and it is further

ORDERED that any motion for an order pursuant to CPLR § 2221 must be re-electronically filed, with all underlying motion papers and exhibits separately attached.

This constitutes the decision and order of the Court.

E N T E R:

**Hon. Anne J. Swern, J.S.C.**
**Dated: 3/16/2026**

[* 15]