Matter of T.B.G. (T.M.)

2026 NY Slip Op 02197

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of T.B.G., A Child Under Eighteen Years of Age, etc., T.M., Respondent-Appellant, Administration for Children's Services Petitioner-Respondent.

Decided and Entered: April 14, 2026

Docket No. N2188/24|Appeal No. 6346|Case No. 2024-07440, 2024-07441, 2024-07442|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

Neighborhood Defender Service of Harlem, New York (Emily Einbinder of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.

Dawne A. Mitchell, The Legal Aid Society, New York (Hannah Kaplan of counsel), attorney for the child.

[*1]

Order of fact-finding, Family Court, New York County (Yael T. Wilkofsky, J.), entered on or about November 26, 2024, which, after a hearing, determined that respondent mother neglected the subject child, unanimously affirmed, without costs.

A preponderance of the evidence supports Family Court's determination that the mother neglected the child by inflicting excessive corporal punishment on her, even though the subject punishment occurred during a single event (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]; Matter of Cevon W. [Talisha W.], 110 AD3d 542, 542 [1st Dept 2013]). Family Court properly credited the child's out-of-court statements about an incident that occurred when the mother came to pick her up at school. The child refused to go with her mother because she was supposed to be residing with her father. The mother became aggressive with the child and school staff, screaming at the child, grabbing and yanking her, bending her fingers backwards, and throwing water, school chairs, and other objects, at the child. Although the child's repetition of the foregoing is not by itself sufficient corroboration, her consistent statements to more than one person sufficiently "enhance[d] the credibility of these statements" (Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]).

Family Court properly admitted the child's hospital records into evidence without striking the statements of the child's school counselor and assistant principal, as those statements were relevant to the child's diagnosis, treatment, and discharge plan (see CPLR 4518[a]; People v Ortega, 15 NY3d 610, 617 [2010]; Matter of S.A. [S.F.], 235 AD3d 523, 524 [1st Dept 2025]). There is no basis to disturb the court's conclusion that the child's account was sufficiently corroborated by those statements and the testimony of a child protective specialist (see Matter of A.P. [M.P.], 183 AD3d 535, 536 [1st Dept 2020]). The court properly drew a negative inference from the mother's failure to appear and testify (see Matter of B. C. [Bernadette C.], 215 AD3d 584, 585 [1st Dept 2023]).

[*2]

There is no evidence that the mother's physical attack on the child was in any way a justified or reasonable form of discipline (see Matter of Isaiah D.S. [Jamal K.S.], 237 AD3d 627 [1st Dept 2025]). Further, the fact that the child was not physically injured does not preclude a finding of neglect (see Matter of Joseph C. [Anthony C.], 88 AD3d 478, 479 [1st Dept 2011]). In any event, it was sufficient that her emotional well-being was at imminent risk of impairment due to the mother's actions (see Matter of Kaylee S. [Kyle L.S.], 214 AD3d 423, 423 [1st Dept 2023]. The record reflects that the child became distressed and cried during the incident, and she repeatedly stated that she did not wish to reside with the mother because she did not feel safe (see Matter of Robann H. [Autumn P.], 221 AD3d 502, 503 [1st Dept 2023]; Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 567 [1st Dept 2013]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026